### A01A2416. MARSHALL v. THE STATE.
(560 SE2d 118)

JOHNSON, Presiding Judge.

Cedric Marshall was charged in a 43-count indictment with forgery in the first and second degree, computer forgery, theft by taking and by receiving stolen property, giving a false name, financial transaction card fraud, and possessing financial transaction card forgery devices. Marshall denied the charges and was tried before a judge sitting without a jury. The judge found Marshall guilty on 37 of the charges. Marshall appeals, arguing that his trial counsel was ineffective in failing to inform him fully of the rights he was waiving by proceeding with a bench trial instead of a jury trial. The argument is contradicted by the record, and we therefore affirm Marshall's convictions.

To prevail on his ineffective assistance of counsel claim, Marshall must show that his counsel's performance was deficient and that, but for the deficiency, there is a reasonable probability he would have insisted on having a jury trial.[1] Marshall has not made either of these showings.

The trial transcript reveals that immediately before trial, Marshall's attorney informed the court that he and Marshall had discussed the matter and that Marshall wanted to proceed with a bench trial. The court then told Marshall that a jury was available and asked if he understood that he was entitled to a jury trial. Marshall told the court that he understood he had the right to a jury trial, that he and his counsel had discussed his trial rights and options, that he wanted to be tried by the judge sitting without a jury, and that he was waiving his right to a jury trial freely.

Moreover, at the subsequent motion for new trial hearing on Marshall's ineffective assistance of counsel claim, counsel testified

---

[1] See *Ellis v. State*, 272 Ga. 763, 764 (1) (534 SE2d 414) (2000).

that he and Marshall discussed his trial options and strategies many times. They reviewed the evidence and considered the impact it might have on his sentencing. They discussed the differences between a bench trial and a jury trial, including such matters as jury selection, jury instructions, and that all 12 members of a jury would have to vote unanimously to return a guilty verdict. Counsel testified that he recommended a bench trial, but never tried to force Marshall into choosing a bench trial over a jury trial.

Marshall also testified that he and his lawyer had discussed the evidence, procedures, trial strategy, possible sentences, and the options of a bench or jury trial. But Marshall claimed that he was unclear about some of the differences between a jury and a nonjury trial. He never testified, though, that if he had known about those differences he would have insisted on a jury trial.

There is a strong presumption that trial counsel performed within the wide range of reasonable professional assistance, and a trial court's finding that counsel's performance was within that range will not be reversed on appeal unless it is clearly erroneous.[2] Given Marshall's knowing and voluntary waiver of a jury trial before the trial judge, coupled with the testimony of both Marshall and his counsel at the post-trial hearing, the trial court did not clearly err in finding that the performance of Marshall's counsel was not ineffective. We therefore uphold Marshall's convictions.[3]

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED FEBRUARY 11, 2002.

*Barry M. Hazen*, for appellant.
*Daniel J. Porter, District Attorney, George F. Hutchinson III, Assistant District Attorney*, for appellee.

---

[2] *Turner v. State*, 245 Ga. App. 294, 295 (4) (536 SE2d 814) (2000).
[3] See *Jones v. State*, 273 Ga. 231, 235 (8) (539 SE2d 154) (2000) (bench trial conviction valid where appellant waived jury in presence of counsel).