BARNES, Judge.
 

 Kenneth Alan Bailey appeals his convictions of kidnapping with bodily injury, theft by receiving a motor vehicle, aggravated assault, and possession of a knife during the commission of a felony. On appeal, he contends that the evidence was insufficient to support his conviction, that the trial court erred by excusing a juror for cause, and also erred by including impermissibly burden-shifting language in its jury charge. He also asserts that the trial court erred by failing to merge his conviction for aggravated assault into his kidnapping with bodily injury conviction. Because we find that the aggravated assault conviction merged as a matter of fact with the kidnapping conviction, we affirm in part and vacate in part with direction.
 

 Viewed most favorably to the verdict, the evidence shows that Bailey, armed with a knife, grabbed the victim as she was running by him on a trail at a park in Gwinnett County. Bailey and the victim struggled and the victim fell to the ground. Bailey held a knife to the victim's neck and forced her into a nearby pickup truck and drove away. While in the truck, the victim repeatedly tried to open the door to escape, but Bailey punched her in the face, and threatened to kill her. Finally, the victim managed to unlock the door and push herself from of the moving vehicle. She received cuts to her throat, face, hand, and back, as well as severe "road rash." There were several witnesses to the crime who called 911 and helped the victim after she escaped.
 

 1. On appeal, Bailey argues that the evidence was insufficient to support his convictions because no reasonable juror could have found beyond a reasonable doubt that he was guilty. Bailey relies on the fact that he told the detective and the victim, while he was beating her in the truck, that he did not intend to hurt her. This argument is without merit because none of Bailey's charged offenses possessed the element of the intent to harm.
 

 *788
 
 The applicable standard of review is whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the offense charged beyond a reasonable doubt.
 
 Jackson v. Virginia,
 

 443 U.S. 307
 
 ,
 
 99 S.Ct. 2781
 
 ,
 
 61 L.Ed.2d 560
 
 (1979). Under OCGA § 16-5-40(b), kidnapping with bodily injury only requires that an injury, no matter how slight, occur during the kidnapping.
 
 Reynolds v. State,
 

 234 Ga. App. 884
 
 , 885(1)(a),
 
 508 S.E.2d 674
 
 (1998). In this case, the victim received cuts to her throat, face, hand, and back, as a result of the kidnapping. In the same manner, intent to harm the victim is not an element of aggravated assault. The State need only prove that Bailey committed an assault and that he used a deadly weapon in doing so.
 
 Gray v. State,
 

 257 Ga.App. 393
 
 , 395(1)(a)(i),
 
 571 S.E.2d 435
 

 **263
 

 (2002); see also OCGA § 16-5-20. In this case, there existed more than sufficient evidence to support the jury findings.
 

 2. Next, Bailey argues that the trial court erred by excusing a female juror for cause. He contends that the excused juror, whose son had been convicted of murder in Gwinnett County and sentenced to life in prison, stated that she was nevertheless able to keep the parties on equal footing, and therefore should not have been excused for cause by the court. Bailey further argues that, given the limited racial make-up of the jury and the fact that the excused juror was an African-American female, there is a
 
 Batson
 
 type issue in this case.
 

 In exercising its discretion to excuse jurors for cause, the trial court must adhere to the standard set out in
 
 Lively v. State,
 

 262 Ga. 510
 
 ,
 
 421 S.E.2d 528
 
 (1992), which states that,
 

 [a] juror may be found disqualified even though he insists he is not biased; therefore, the juror's opinion of his qualification is by no means determinative. When ruling on a potential juror's qualifications, the trial court must make a factual determination based on all the circumstances known to the court, including, but not limited to, the juror's own opinion of his impartiality.
 

 (Citation and punctuation omitted.)
 
 Id. at 511
 
 (1),
 
 421 S.E.2d 528
 
 . Therefore, the trial court in this case was entitled to consider all of the juror's circumstances when determining whether she should be excused. It is immaterial that she insisted that she could hold both of the parties on equal footing when listening to the evidence.
 

 As for Bailey's additional claim that there was a
 
 Batson
 
 issue regarding the excused juror, the argument is meritless in this case. First, and most importantly,
 
 Batson v. Kentucky,
 

 476 U.S. 79
 
 ,
 
 106 S.Ct. 1712
 
 ,
 
 90 L.Ed.2d 69
 
 (1986), applies only to the prosecutor's use of
 
 peremptory
 
 strikes. Next, a
 
 Batson
 
 challenge "should be raised prior to the time the jurors selected to try the case are sworn."
 
 State v. Sparks,
 

 257 Ga. 97
 
 , 98,
 
 355 S.E.2d 658
 
 (1987).
 

 In the case at bar, Bailey excepted to the motion to excuse the juror, but did not do so on a
 
 Batson
 
 ground. In fact, the words used to except were, "[all] I can say is, she seems to think she can be impartial." Therefore, even if the
 
 Batson
 
 challenge was appropriate in this case, it was not raised before the jury was sworn. The fact that the excused juror happened to be an African-American should not be used as a tool of convenience for the purposes of appeal.
 

 3. Bailey next contends that the court erred by including in its jury charge on intent the impermissible burden-shifting language of OCGA §§ 16-2-4 and 16-2-5, citing the United States Supreme Court decision in
 
 Francis v. Franklin,
 

 471 U.S. 307
 
 ,
 
 105 S.Ct. 1965
 
 ,
 

 **264
 

 85 L.Ed.2d 344
 
 (1985). He argues that the language could have been understood by a reasonable juror as creating a mandatory presumption that shifted the burden of persuasion on the element of intent to the defendant.
 

 The court instructed the jury that,
 

 [i]ntent is an essential element of any crime and must be proved by the State beyond a reasonable doubt. Every person is presumed to be of sound mind and discretion, but this presumption may be rebutted. You may infer, if you wish, that the acts of a person of sound mind and discretion are the product of that person's will, and that a person of sound mind and discretion intends the natural and probable consequences of those acts. Whether or
 

 *789
 

 not you make such an inference or inferences is a matter solely within your discretion.
 

 The trial court then reiterated that criminal intent could not be presumed, but the presence and absence of such may be found "upon a consideration of words, conduct, demeanor, motive and other circumstances connected with the act for which the accused is being prosecuted."
 

 While it is true that mandatory inferences or presumptions in criminal cases invade the province of the jury and unconstitutionally shift the burden of proof to defendant, See
 
 Francis v. Franklin,
 

 supra,
 

 471 U.S. at 317
 
 ,
 
 105 S.Ct. 1965
 
 ;
 
 Stepic v. State,
 

 226 Ga.App. 734
 
 , 735(1),
 
 487 S.E.2d 643
 
 (1997), we discern no error in the trial court's instructions as given. The trial court clearly established that the burden of proving intent was on the State, and that any inferences about what Bailey may or may not have intended were within the discretion of the jury.
 

 Thus, we find no impermissible burden-shifting created by the language used, and no error by trial court, and uphold the giving of this instruction.
 

 4. Finally, Bailey argues that trial court erred by failing to merge his conviction for aggravated assault into his kidnapping with bodily injury conviction. He argues that criminal offenses merge as a matter of fact. Bailey also contends that the convictions should be merged for the purposes of sentencing and that the sentence imposed for the aggravated assault should be reversed and vacated. We agree.
 

 When one offense is "established by the same but less than all of the facts required to establish" another offense, the first merges into the second as a matter of fact.
 
 Montes v. State,
 

 262 Ga. 473
 
 , 474(1),
 
 421 S.E.2d 710
 
 (1992); OCGA § 16-1-6. In
 
 Herring v. State,
 

 224 Ga.App. 809
 
 , 814-815(6),
 
 481 S.E.2d 842
 
 (1997), this court found that aggravated assault was a lesser included offense of, and merged with, the crime of kidnapping with bodily injury. In
 
 Herring,
 
 the defendant
 

 **265
 

 punched the victim in the face and hit her with a bat, then left the scene. He returned to where the victim was, and dragged her down a flight of stairs to his vehicle, where he repeatedly hit her with the console lid. In that case the court found that the incidents were not separate and that merger was necessary and justified.
 

 In this case, Bailey grabbed the victim at knife point, dragged her into the vehicle, and hit her in the face twice before she jumped out. The actions for which Bailey was charged with aggravated assault were an integral part of the kidnapping, and no evidence shows that the knife was used at any time other than when Bailey was dragging the victim to his truck, or that there was an attack distinct from the kidnapping. The aggravated assault was not supported by facts separate from the kidnapping, and thus, the aggravated assault was included as a matter of fact in the kidnapping offense.
 

 If the state uses up all the evidence that the defendant committed one crime in establishing another crime, the former crime is included in the latter as a matter of fact under OCGA § 16-1-6(1). Where the offenses so merge, the entry of separate convictions for both offenses is barred by OCGA § 16-1-7(a), which prohibits multiple convictions for the same conduct. Likewise, where one crime is included in the other, a defendant may not be sentenced on both convictions.
 

 (Footnotes omitted.)
 
 Cutkelvin v. State,
 

 258 Ga.App. 691
 
 , 695(4),
 
 574 S.E.2d 883
 
 (2002).
 

 Accordingly, we find that the trial court erred by failing to merge the conviction for aggravated assault into the kidnapping with bodily injury conviction, and direct that the conviction for and sentence imposed on the aggravated assault count is hereby vacated.
 

 Judgment affirmed in part and vacated in part.
 

 BLACKBURN, P.J., and MIKELL, J., concur.