A07A0671. PHILLIPS v. THE STATE.

(644 SE2d 535)

BLACKBURN, Presiding Judge.

Following a jury trial, Mike Phillips appeals his convictions of child molestation, kidnapping with bodily injury, kidnapping, and aggravated assault, contending (1) that the evidence was insufficient to support the verdict, and (2) that he received ineffective assistance of counsel. We disagree and affirm.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [Phillips] no longer enjoys a presumption of innocence; moreover, an

---

[9] See *Monroe*, supra.

appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility." *Eady v. State*.[1] So viewed, the evidence shows that in January 2005, Phillips was living in an apartment with his ex-girlfriend and her fourteen-year-old daughter, when he, after drinking alcohol, called the two women into a bedroom where he bound the ex-girlfriend's arms, legs, and mouth with duct tape. He threatened the women with a hatchet and nearly suffocated the ex-girlfriend as she pleaded to be released. He then led the daughter by her hand to another bedroom, where he duct-taped her hands and feet, pulled her pants down, and forced her to have intercourse with him. When a family member knocked on the apartment door, Phillips stopped his assault on the daughter and released the women, fleeing in the ex-girlfriend's car and stating, "I know I'm going to go to jail for what I just did." The ex-girlfriend called the police, who later arrested Phillips when the car was spotted at the apartment.

Phillips was charged with rape, two counts of child molestation, one count of kidnapping with bodily injury, two counts of kidnapping, two counts of false imprisonment, two counts of aggravated assault, two counts of terroristic threats, and one count of theft by taking. After a jury trial, he was found guilty and sentenced on one count each of child molestation, kidnapping with bodily injury, kidnapping, and aggravated assault, with the remaining counts being resolved by merging or through a directed verdict or acquittal. Following a hearing on his motion for new trial, the trial court denied his motion, giving rise to this appeal.

1. Phillips first contends that the evidence was insufficient to support his convictions in that (a) the witnesses' testimony was inconsistent, and (b) there was insufficient evidence that he kidnapped the ex-girlfriend causing her bodily injury. We disagree.

(a) With respect to potential inconsistencies in witness testimony, "[a]n appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses." *Taylor v. State*.[2] See *Eady v. State*, supra, 256 Ga. App. at 696. "As long as there is some evidence, even though contradicted, to support each necessary element of the State's case, the verdict will be upheld." (Punctuation omitted.) *Warren v. State*.[3]

Here, there was testimony from both the ex-girlfriend and the daughter detailing Phillips's actions during the attack. Phillips

[1] *Eady v. State*, 256 Ga. App. 696 (569 SE2d 603) (2002).
[2] *Taylor v. State*, 266 Ga. App. 818 (598 SE2d 122) (2004).
[3] *Warren v. State*, 265 Ga. App. 109, 110 (592 SE2d 879) (2004).

points to minor inconsistencies between the accounts, such as whether the ex-girlfriend's hands were taped in the front or in the back, but the jury, as the finder of fact, was entitled to resolve these inconsistencies and decide the factual questions they presented. *Mickens v. State*.[4] Viewed in the light most favorable to the verdict, the evidence presented was sufficient to support the jury's findings. *Jackson v. Virginia*.[5]

(b) Phillips also argues that there was insufficient evidence that he either kidnapped the ex-girlfriend or caused her bodily injury during the alleged kidnapping. Under OCGA § 16-5-40 (a), "[a] person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will." "[K]idnapping with bodily injury only requires that an injury, no matter how slight, occur during the kidnapping." *Bailey v. State*.[6]

With respect to kidnapping, "there is no minimum requirement as to the distance. That asportation was of short duration is without legal significance." (Punctuation omitted.) *Estes v. State*.[7] The evidence here showed that while Phillips was threatening the ex-girlfriend with the hatchet, he "made [her] sit over in the chair" in the corner where he taped her hands, and then moved her to a mattress so he could tape her feet as well. This is sufficient to show asportation. See id.; *Nelson v. State*[8] ("[o]nly the slightest movement of the victim is required to constitute the necessary element of asportation") (punctuation omitted); *Love v. State*[9] (asportation shown where defendant "jerked [victim] down off the concrete block onto the dirt") (punctuation omitted).

Phillips also contends that the evidence did not show bodily injury during the kidnapping. However, "[e]vidence of any physical injury, however slight, satisfies the bodily injury element necessary to establish kidnapping with bodily injury." *Nelson v. State*, supra, 278 Ga. App. at 551 (3). Here, police who responded to the emergency call testified that the ex-girlfriend had a red mark on her cheek, puffiness and redness around her eyes and ears, and red marks where she was bound with the duct tape. This evidence was sufficient to show physical injury during the kidnapping.

---

[4] *Mickens v. State*, 277 Ga. 627, 629 (593 SE2d 350) (2004).
[5] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[6] *Bailey v. State*, 269 Ga. App. 262 (1) (603 SE2d 786) (2004).
[7] *Estes v. State*, 234 Ga. App. 150, 151 (505 SE2d 840) (1998).
[8] *Nelson v. State*, 278 Ga. App. 548, 551 (3) (629 SE2d 410) (2006).
[9] *Love v. State*, 190 Ga. App. 264 (1) (378 SE2d 893) (1989), overruled on other grounds, *Drinkard v. Walker*, 281 Ga. 211, 217 (636 SE2d 530) (2006).

2. Phillips also contends that he received ineffective assistance from his trial counsel, in that the counsel failed to seek a mistrial after the prosecutor made objectionable comments during his opening statement and closing argument. We disagree.

> To establish a claim of ineffective assistance of counsel, [Phillips] must show both that his trial counsel's performance was deficient and that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the result of the trial would have been different but for that deficiency. There is a strong presumption that trial counsel's assistance was adequate and that counsel's decisions were made within the bounds of reasonable professional judgment. Moreover, a trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous.

*Owens v. State.*[10]

Here, Phillips identifies two occasions in which he contends that the trial counsel rendered ineffective assistance. First, he points to the State's opening statement in which the prosecutor said, "[t]his case, ladies and gentlemen, is about a monster, pure and simple." Although Phillips's trial counsel immediately objected, and the trial court cautioned the prosecutor, Phillips now argues that his trial counsel should have moved for a mistrial. However, during the hearing on Phillips's motion for new trial, Phillips's trial counsel testified that while he thought the comment was objectionable, he did not think it warranted a mistrial. He explained that the trial court had just ruled against the State's request to admit similar transaction evidence, and Phillips's trial counsel "wanted this trial to go forward. [The prosecutor] was very surprised that the similar [transaction evidence] was not going to come in. I would not have wanted to give him any further time to kind of regroup." In light of the trial counsel's timely objection and his calculation with respect to trial strategy, there was evidence to support the trial court's finding that trial counsel's failure to move for a mistrial did not fall outside the wide range of reasonable trial strategy. See *Brooks v. State*[11] ("[t]rial counsel's decisions that amount to reasonable trial strategy do not constitute deficient performance, and there is a strong presumption that trial counsel's conduct fell within the broad range of reasonable professional conduct") (citation and punctuation omitted).

---

[10] *Owens v. State*, 271 Ga. App. 365, 369-370 (5) (609 SE2d 670) (2005).
[11] *Brooks v. State*, 281 Ga. 514, 518 (6) (640 SE2d 280) (2007).

Second, Phillips points to several comments made by the prosecutor during closing argument in which the prosecutor potentially interjected extrinsic evidence and his opinion with respect to witness credibility, including statements such as "I can't tell you what it's like to be raped. . . . I honestly don't think I have ever been a victim of a crime." Phillips's trial counsel specifically recalled not objecting, because

> I personally thought that [the prosecutor's] closing argument was extremely ineffective. It was very dry. . . . It probably doesn't come through in the transcript [but] there was not a lot of emotion behind it, and I don't think he was being very effective. . . . I believed that I had a very good closing argument prepared. . . . You don't want to look like you are stopping — I just didn't find it objectionable, to be honest with you, or effective, more importantly.

"A claim of ineffective assistance of counsel is judged by whether counsel rendered reasonably effective assistance, not by a standard of errorless counsel or by hindsight." *Hooks v. State*.[12] Based on the testimony that Phillips's trial counsel made deliberate, even partially successful,[13] strategic decisions during the closing argument, the trial court did not clearly err in finding that the representation was within the wide range of reasonable professional conduct.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED MARCH 29, 2007.

*Clegg, Daniels & Petrey, John H. Petrey*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Daniel J. Quinn, Assistant District Attorney*, for appellee.

---

[12] *Hooks v. State*, 280 Ga. 164, 165 (3) (626 SE2d 114) (2006).
[13] We note that Phillips was found not guilty of four counts, including the rape charge.