A07A2199. MIDDLEBROOKS v. THE STATE.
(656 SE2d 224)

PHIPPS, Judge.

Nicholas Gerade Middlebrooks appeals his convictions on several counts that arose from the armed robbery of a restaurant at which Middlebrooks was employed. On appeal, he contends that the trial court erred in not merging an aggravated assault count into a

---

kidnapping count and in denying his motion for new trial based upon a claim of ineffective assistance of counsel. Middlebrooks also argues that his sentencing form contains a clerical error. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, the evidence showed that on June 25, 2005, Middlebrooks was working at a restaurant. He got into a dispute with the manager, who asked Middlebrooks to leave the restaurant. When the restaurant closed several hours later, Middlebrooks returned. He held a gun to the back of the neck of employee Brian Huber and walked Huber to the manager. Middlebrooks pointed the gun at the manager and demanded money that the manager was counting. After the manager complied, Middlebrooks ordered the manager, Huber, and two other employees to walk into the restaurant's freezer, which they did unwillingly. Middlebrooks closed the freezer door and left.

Although Middlebrooks attempted to conceal his identity by wearing a mask, his coworkers recognized him. The police interviewed him and he made a recorded statement admitting to the incident. He was indicted on various counts, including armed robbery, aggravated assault on Huber, and kidnapping of Huber.

At the time of the incident, Middlebrooks was a college student with a 3.5 grade point average and no prior criminal history. At a bench trial, Middlebrooks's counsel sought to emphasize his character and depict the incident at the restaurant as an aberration. Middlebrooks, the sole defense witness at trial, admitted to the charged offenses.

The trial court found Middlebrooks guilty on ten counts and sentenced him to twenty-five years, ten years to serve incarcerated and the remainder to serve on probation. The court denied Middlebrooks's motion for new trial.

1. Middlebrooks contends that, for sentencing, his conviction for aggravated assault against Huber must merge into his conviction for kidnapping Huber. Under OCGA § 16-1-7 (a) (1), "[w]hen the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if . . . [o]ne crime is included in the other. . . ." A crime is "included in" the other where "[i]t is established by proof of the same or less than all the facts. . . ."[1] In *Drinkard v. Walker*,[2] the Supreme Court of Georgia adopted the "required evidence" test to determine whether convictions should merge.

---

[1] OCGA § 16-1-6 (1).
[2] 281 Ga. 211, 217 (636 SE2d 530) (2006).

Under [the Georgia] Code, the important question is not the number of acts involved, or whether the crimes have overlapping elements, but whether, looking at the evidence required to prove each crime, one of the crimes was established by proof of the same or less than all the facts required to establish the commission of the other crime charged.[3]

Middlebrooks's convictions for aggravated assault and kidnapping do not satisfy the "required evidence" test. To prove the aggravated assault charge, the state showed Middlebrooks used a deadly weapon to place Huber in reasonable apprehension of receiving a violent injury.[4] To prove the kidnapping charge, the state showed that Middlebrooks forced Huber into the freezer without authority and against Huber's will.[5] Because each of these crimes was "established by proof of an additional fact not at issue in the other crime[ ]," they do not merge.[6]

To support his argument, Middlebrooks cites to authority that addresses the merger of an aggravated assault conviction into a conviction for kidnapping with bodily injury.[7] But Middlebrooks was not convicted of kidnapping with bodily injury, which is a different offense from simple kidnapping and requires proof of different elements and thus a different merger analysis.[8] The trial court properly declined to merge Middlebrooks's kidnapping conviction with the conviction for aggravated assault.[9]

2. Middlebrooks argues that the sentencing order imposing a twenty-five-year sentence with ten years to serve conflicts with the sentence set forth by the trial court at the sentencing hearing. The court, however, stated at the hearing that it was sentencing Middlebrooks to a total of twenty-five years, to serve ten years for kidnapping and armed robbery. First convictions for kidnapping and armed robbery carry minimum ten-year sentences with no probation.[10] The sentences imposed on the other counts are also consistent with the law and with the court's stated intent at sentencing. We find no error.

---

[3] Id. at 216 (footnote omitted).

[4] See OCGA §§ 16-5-20 (a) (2); 16-5-21 (a) (2); *Reeves v. State*, 233 Ga. App. 802, 805 (2) (505 SE2d 540) (1998) (discussing elements of aggravated assault).

[5] See OCGA § 16-5-40 (a); *Estes v. State*, 234 Ga. App. 150, 150-151 (505 SE2d 840) (1998) (discussing elements of kidnapping).

[6] *Drinkard*, supra at 217; see also *Hill v. State*, 285 Ga. App. 503, 507 (646 SE2d 718) (2007).

[7] See, e.g., *Bailey v. State*, 269 Ga. App. 262 (603 SE2d 786) (2004).

[8] See *Hunter v. State*, 228 Ga. App. 846 (493 SE2d 44) (1997).

[9] See *Hill v. State*, 279 Ga. App. 666, 669 (2) (632 SE2d 443) (2006).

[10] OCGA §§ 16-5-40 (b) (1); 16-8-41 (b); 17-10-6.1 (b).

3. Middlebrooks contends that his trial counsel provided ineffective assistance. Under *Strickland v. Washington*,[11] Middlebrooks was required to demonstrate that his counsel's performance was deficient and that there is a reasonable likelihood that, but for counsel's errors, the outcome of his trial would have been different.[12] When reviewing a trial court's determination on this issue, "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[13]

(a) Middlebrooks claims that trial counsel should have moved to suppress the recorded statement Middlebrooks made to the police. But the failure to pursue a futile motion does not constitute ineffective assistance,[14] and Middlebrooks has not made the necessary strong showing that the statement would have been suppressed had counsel made the motion.[15] Instead, the trial evidence showed that Middlebrooks was informed of his rights, responded that he understood them, and then gave his statement voluntarily. "The decision of whether to file a motion to suppress is a matter of professional judgment,"[16] and "[i]n general, matters of reasonable trial strategy and tactics do not amount to ineffective assistance of counsel."[17] At the new trial hearing trial counsel testified that, after looking at the statement and speaking with Middlebrooks and the police investigators, he felt such a motion had little chance of success. Middlebrooks has not shown otherwise.

(b) Middlebrooks claims that trial counsel failed to investigate, prepare or call defense witnesses or call certain character witnesses for the sentencing hearing. Trial counsel testified that he contacted two character witnesses and arranged for their testimony, but that the witnesses failed to appear. Whether to call a witness is a matter of trial strategy and tactics.[18] Moreover, "[b]ecause [Middlebrooks] failed, at the hearing on his motion for new trial, to make any proffer of the uncalled witnesses' testimony, it is impossible for [him] to show there is a reasonable probability the results of the proceeding would have been different."[19] Therefore, no prejudice appears.

---

[11] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[12] *Williams v. State*, 273 Ga. App. 321, 322 (615 SE2d 160) (2005).

[13] *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000) (footnote omitted).

[14] *Davis v. State*, 267 Ga. App. 245, 246 (2) (599 SE2d 237) (2004).

[15] See *Richardson v. State*, 276 Ga. 548, 553 (3) (580 SE2d 224) (2003); *Davis*, supra at 246.

[16] *Patterson v. State*, 259 Ga. App. 630, 634 (4) (577 SE2d 850) (2003) (citation and punctuation omitted).

[17] *Jackson v. State*, 281 Ga. 705, 708 (6) (642 SE2d 656) (2007) (citation and punctuation omitted).

[18] *Dickens v. State*, 280 Ga. 320, 321 (2) (627 SE2d 587) (2006).

[19] *Fennell v. State*, 271 Ga. App. 797, 804 (6) (k) (611 SE2d 96) (2005) (citation and punctuation omitted); see also *Dickens*, supra at 323 (2).

(c) Middlebrooks claims that trial counsel advised him inadequately about his right to a jury trial. Before the start of trial, Middlebrooks informed the court that he understood he was waiving his right to a jury trial and was doing so freely and voluntarily. At the motion for new trial hearing, trial counsel testified that he had discussed with Middlebrooks his right to a jury trial and the advantages and disadvantages of a bench trial. Trial counsel had more than ten years of experience in criminal law both as a prosecutor and a defense attorney. He had determined, given the evidence, that Middlebrooks likely would be found guilty of many of the charges. He also believed that a bench trial would offer Middlebrooks a stronger chance of a lesser conviction than armed robbery, and thus a chance to avoid the ten-year mandatory minimum sentence. Trial counsel's advice concerning the bench trial fell within the wide range of reasonable professional conduct, and we find no error.[20]

(d) Finally, Middlebrooks claims that trial counsel advised him inadequately about his right not to testify. At the new trial hearing, trial counsel stated that he had explained this right to Middlebrooks and the two discussed strategic reasons for testifying. Trial counsel determined that Middlebrooks's character, intelligence and demeanor would aid his defense. Trial counsel also testified that Middlebrooks understood the issues and made an informed decision to testify. Thus, ineffective assistance has not been shown.[21]

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED JANUARY 4, 2008.

*Barbara N. Lanier*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.

---

[20] See *Marshall v. State*, 253 Ga. App. 645, 646 (560 SE2d 118) (2002).

[21] See *Williams v. State*, 254 Ga. App. 8, 12 (3) (a) (561 SE2d 149) (2002).