## A10A1534. JOHNSON v. THE STATE.
(700 SE2d 735)

POPE, Senior Appellate Judge.

A jury found Antone Andrea Johnson guilty of rape, and the trial court denied his motion for new trial.[1] Johnson appeals, contending that the trial court erred in denying his motion for a mistrial and that his trial counsel rendered ineffective assistance. For the reasons discussed below, we affirm.

"On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict and [Johnson] no longer enjoys a presumption of innocence." (Citation, punctuation and footnote omitted.) *Boring v. State*, 303 Ga. App. 576, 577 (1) (694 SE2d 157) (2010). Construed in this manner, the evidence showed that Johnson telephoned the female victim, who was 16 years old, and asked her if she wanted "to get out of the house." She said yes. This was not an unusual occurrence, given that Johnson had previously been engaged to the victim's mother, had long served as a "father figure" to the victim, and would occasionally come over to visit and take her places.

Johnson picked up the victim from her home and drove her to the hotel room where he was staying. Once inside the hotel room, they played some video games, talked, and watched television while sitting on the bed. Johnson then started wrestling with the victim until he was able to get on top of her and hold her down, despite her repeated requests for him to get off of her. While on top of the victim, Johnson began kissing her neck and rubbing her breasts and thighs as she protested. The victim continued to tell Johnson to stop, but he

---

[1] The jury also found Johnson guilty of false imprisonment, but the trial court merged his conviction on that count into his conviction for rape.

held her down on the bed, pulled down her pants, and forced her to have sexual intercourse with him against her will.

Johnson stopped when he heard a knock on the door. He later drove the victim back to her neighborhood, where she called 911. The police arrived, the victim was taken to the hospital, and a sexual assault kit was administered. The sexual assault kit was turned over to the state crime lab, which conducted a DNA test of the vaginal swabs taken from the victim. The DNA taken from the swabs contained the DNA profiles of both the victim and Johnson.

The detective assigned to the case arranged for a forensic interview of the victim, who described to the forensic interviewer how she had been sexually attacked by Johnson. The detective also interviewed Johnson, who initially denied having taken the victim to the hotel, but eventually conceded that he had done so, although he steadfastly denied having had any sexual contact with her.

Johnson was indicted, tried, and convicted of rape. At the jury trial, the state relied upon the testimony of the victim, the detective assigned to the case, and the forensic biologists who handled the DNA testing, among others. The state also introduced into evidence a video recording of the police interview of Johnson and an audio recording of the victim's forensic interview. Additionally, the state introduced similar transaction evidence predicated on the testimony of M. P., a 14-year-old female whose mother also had an intimate relationship with Johnson. M. P. testified that Johnson had taken her to a hotel room, they had begun watching television, and then Johnson had gotten on top of her on the bed and sexually assaulted her. Johnson chose not to testify or call any witnesses on his own behalf.

1. The evidence presented at trial was more than sufficient to authorize a rational jury to find Johnson guilty beyond a reasonable doubt of rape. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See OCGA § 16-6-1 (a) (1). Indeed, the testimony of the victim, by itself, was sufficient to sustain Johnson's conviction. See *Harris v. State*, 283 Ga. App. 374, 376-377 (1) (a) (641 SE2d 619) (2007). Although Johnson attempted to attack the credibility of the victim at trial, "[r]esolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court." (Citation omitted.) *Odett v. State*, 273 Ga. 353, 353-354 (1) (541 SE2d 29) (2001).

2. Johnson argues that the trial court erred in denying his two motions for a mistrial based upon certain allegedly prejudicial statements made by the detective to Johnson during his audiotaped interview that was played for the jury. Specifically, at one point during the more than one hour long interview, the detective commented to Johnson, "[Y]ou have girls coming from the woodwork

from all over the place." Johnson moved for a mistrial, arguing that the detective's statement impermissibly placed his character in issue. The trial court denied the motion but offered to give a curative instruction, which Johnson declined without renewing his motion for a mistrial. At another point during the interview, the detective mentioned the name "Suzette," and Johnson again moved for a mistrial. Although the state had redacted all information and/or allegations concerning Suzette from the audio recording, Johnson claimed that the implication from the context of the interview was that Suzette had accused him of some sexual offense. The trial court denied the motion for a mistrial but sua sponte gave the following curative instruction:

> Ladies and gentlemen, let me instruct you that to the extent, if any, that there has been any implication from the questions by [the detective] that there are any girls or any evidence of any girls complaining about Mr. Johnson other than [the victim in this case or M. P.], you should disregard any such questions or implications because there's no evidence that there are any other such girls.

Following the instruction, Johnson did not renew his motion for a mistrial.

The record demonstrates that Johnson failed to preserve any challenge to the denial of his two motions for a mistrial. A defendant's failure to renew his motion for a mistrial after declining a curative instruction waives the issue on appeal. *Owens v. State*, 250 Ga. App. 61, 62 (550 SE2d 464) (2001). Likewise, "[a]fter a trial court has issued a curative instruction, failure by the defendant to timely renew his motion for mistrial waives any error in the denial of that motion." (Citation and footnote omitted.) *Bell v. State*, 294 Ga. App. 779, 782 (5) (670 SE2d 476) (2008). Accordingly, Johnson's failure to renew his motions for a mistrial waived for appellate review his claim that the trial court erred in denying those motions.

3. Johnson argues that his trial counsel rendered ineffective assistance by failing to renew his motions for a mistrial in order to preserve the issue on appeal. In order to establish a claim of ineffective assistance of counsel, a defendant must meet the two-prong test of deficient performance and prejudice set out in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). See *Paige v. State*, 277 Ga. App. 687, 690 (4) (627 SE2d 370) (2006). To prove prejudice, the defendant must show that "there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's deficiency." (Citation omitted.) Id. An ineffective assistance of counsel claim fails if the defendant

cannot satisfy either the deficiency or prejudice prong of the test. *Freeman v. State*, 282 Ga. App. 185, 187 (2) (638 SE2d 358) (2006).

Even if trial counsel's performance was deficient, Johnson has failed to satisfy the prejudice prong of showing ineffective assistance. Johnson is unable to show a reasonable likelihood that the outcome of the trial would have been different if his trial counsel had renewed the motions for a mistrial.

> When prejudicial testimony is introduced, a mistrial is appropriate if it is essential to the preservation of the defendant's right to a fair trial. The trial court must decide if the prejudicial effect of the testimony can be corrected with proper instructions, or if a mistrial is required. If curative instructions are given and they adequately preserve the defendant's right to a fair trial, no mistrial need be granted.

(Punctuation and footnotes omitted.) *Keller v. State*, 286 Ga. App. 292, 301 (8) (648 SE2d 714) (2007). Here, the trial court's pointed instruction to the jury was sufficient to cure any potential prejudice resulting from the detective's vague, passing reference to "girls coming from the woodwork" and to the name "Suzette" during the course of the interview. See *Hargett v. State*, 285 Ga. 82, 86 (3) (e) (674 SE2d 261) (2009); *Freeman v. State*, 278 Ga. 349, 351-352 (2) (c) (603 SE2d 214) (2004); *Keller*, 286 Ga. App. at 300-301 (8). Renewing the motions for mistrial, therefore, would have been of no benefit to Johnson because the grant of a mistrial was not required. It follows that the failure to renew caused no prejudice and that Johnson cannot succeed on his claim of ineffective assistance of counsel. See id.

*Judgment affirmed. Barnes, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED SEPTEMBER 8, 2010 — 

*Gerard B. Kleinrock*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Deborah Wellborn, Assistant District Attorney*, for appellee.