### A11A0101. ALVAREZ v. THE STATE.
(710 SE2d 583)

BARNES, Presiding Judge.

A jury convicted Edwin Alvarez of rape, aggravated sodomy, aggravated assault with intent to rape, and simple battery. On appeal from the denial of his motion for a new trial, Alvarez contends that the trial court erred in admitting evidence of a prior similar transaction and that his trial counsel rendered ineffective assistance. For the reasons discussed below, we affirm.

Following a criminal conviction, we construe the evidence adduced at trial in the light most favorable to the jury's verdict. *Vadde v. State*, 296 Ga. App. 405 (674 SE2d 323) (2009). Construed in this manner, the evidence showed that Alvarez and the young female victim worked together at a company that manufactures and imports ceramic products and live plants. At the time in question, Alvarez also rented a room in the home where the victim, her husband, and her three children lived.

On the day of the sexual attack, Alvarez and the victim arrived at work in the early morning hours because a large order had to be filled. No one else was at the building at the time. Alvarez, who had keys to the building and usually gave the victim her work assignments, unlocked the building and directed the victim to begin counting bamboo pots. When the victim went to the back of the building, Alvarez suddenly grabbed her from behind and threw her to the floor. The victim tried to push Alvarez away and told him that she did not "want to do this," but Alvarez ripped her pants down and

threatened to strike her if she resisted. Alvarez then vaginally raped the victim as she struggled and pleaded with him that she did not "want to do that with him." After raping the victim, Alvarez forced her to turn over on the floor, anally sodomized her, and licked and kissed on her back and neck.

When Alvarez finished and released the victim, she did not immediately report the attack because she was an immigrant and did not speak English. However, when a female co-worker arrived later that morning, the victim told her what had happened, and the co-worker immediately called the police. When the police arrived, the victim was subdued, would not make eye contact, and looked like she had been crying. She had scratches and abrasions on her forearm. The victim told the police about the attack. The police observed that Alvarez had glassy, bloodshot eyes, was unsteady on his feet, smelled of alcohol, and appeared intoxicated. He rambled in his speech and denied attacking the victim.

The police collected the victim's pants, which had a broken zipper. The victim was transported to a rape crisis center where a sexual assault examination was performed. The sexual assault examiner took anal and vaginal swabs, and the state crime lab found that the anal swabs contained sperm. Alvarez also consented to the drawing of his blood for testing. Further testing revealed that the DNA profile obtained from the anal swabs matched that of Alvarez.

Alvarez was arrested, indicted, and tried on charges of rape, aggravated sodomy, aggravated assault with intent to rape, and simple battery. The victim testified at trial (through an interpreter) to the events as discussed above. She emphasized that she had never had a sexual relationship with Alvarez and that the encounter at issue was not consensual. The responding officer, police investigator, sexual assault examiner, crime lab forensic analyst, and co-worker to whom the victim made her initial outcry also testified on behalf of the State. Their testimony was consistent with the victim's version of the sexual attack.

Additionally, the State introduced evidence of a similar transaction in which Alvarez raped a young Hispanic woman in a hotel room after meeting her and her ex-boyfriend at a nightclub. There was evidence that Alvarez had been drinking alcohol that night and that he had threatened the victim of the prior rape if she reported the attack. The trial court gave a limiting instruction and permitted the evidence of the prior rape to be introduced for the limited purposes of showing Alvarez's intent, bent of mind, and course of conduct.

In contrast, Alvarez took the stand and testified (through an interpreter) that he had a prior sexual relationship with the victim. He claimed that his sexual encounters with the victim at their place of mutual employment, and with the prior victim in the hotel room,

were consensual.

Upon hearing all of the evidence, the jury convicted Alvarez of the charged offenses.[1] Alvarez moved for a new trial. The trial court denied the motion, resulting in this appeal.

1. The evidence presented at trial was sufficient to authorize a rational jury to find Alvarez guilty beyond a reasonable doubt of the charged offenses. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). In this regard, the victim's testimony, standing alone, could sustain the convictions. See *Johnson v. State*, 305 Ga. App. 853, 854 (1) (700 SE2d 735) (2010). Furthermore, the jury was entitled to take into account the similar transaction evidence for the purpose of showing Alvarez's intent, bent of mind, and course of conduct. See *Towry v. State*, 304 Ga. App. 139, 142 (1) (695 SE2d 683) (2010). While Alvarez testified to a different version of what transpired, it was the exclusive role of the jury to determine witness credibility and to "choose what evidence to believe and what to reject." *Lamb v. State*, 293 Ga. App. 65, 67 (666 SE2d 462) (2008).

2. Alvarez contends that the trial court erred in admitting the similar transaction evidence of the prior rape. Specifically, Alvarez claims that evidence of the prior rape was erroneously admitted because it was introduced "solely for the purpose of raising an improper inference" and was not sufficiently similar to the present rape. We disagree.

To obtain admission of similar transaction evidence, the State must show (1) that it seeks to introduce the evidence for a proper purpose; (2) that there is sufficient evidence that the accused committed the independent offense or act; and (3) that sufficient similarity exists between the independent offense or act and the crime charged so that proof of the former tends to prove the latter. *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).[2] Absent an abuse of discretion, we will affirm a trial court's determination that similar transaction evidence is admissible. *Waters v. State*, 303 Ga. App. 187, 190 (2) (692 SE2d 802) (2010).[3]

The trial court acted within its discretion in admitting evidence of the prior rape. The State did not seek to introduce evidence of the prior rape to raise an improper inference concerning Alvarez's character, but rather to show his intent, bent of mind, and course of

---

[1] For sentencing purposes, the trial court merged Alvarez's conviction for aggravated assault with intent to rape into his conviction for rape.

[2] Alvarez does not contest on appeal that the State presented sufficient evidence that he committed the prior rape.

[3] Because Alvarez failed to include the transcript of the similar transaction hearing in the record on appeal, our review is restricted to the trial record. See *Smith v. State*, 304 Ga. App. 708, 709 (1) (699 SE2d 742) (2010).

conduct, all of which are proper purposes under the *Williams* test. See *Ford v. State*, 281 Ga. App. 114, 115 (1) (635 SE2d 391) (2006).

The prior and present rapes also were sufficiently similar. The sexual offenses need not be identical; the proper focus of the inquiry is on the similarities, not the differences, between them. *Corbitt v. State*, 301 Ga. App. 665, 666 (2) (688 SE2d 642) (2009).

> Moreover, Georgia courts construe the rules regarding the use of similar transaction evidence liberally in cases involving sexual offenses. This is so because, in cases involving forcible sexual assaults, there is sociological evidence to support the conclusion that certain deviant sexual behavior is a sufficiently isolated abnormality so that proof of the propensity of the defendant to engage in it is at least admissible, and to this extent proof of the one tends to establish the other.

(Punctuation and footnotes omitted.) *Coleman v. State*, 284 Ga. App. 811, 813 (2) (644 SE2d 910) (2007). Here, in both rapes, Alvarez sexually attacked a young Spanish-speaking woman after he had been drinking alcohol, he threatened both victims, and the two attacks occurred only a few months apart. Based upon these similarities, there was no error in the trial court's admission of evidence of the prior rape. See, e.g., *Burden v. State*, 250 Ga. 313, 315 (2) (297 SE2d 242) (1982) (similar transaction evidence properly admitted, where in the prior and present crimes, the defendant "had been drinking heavily" and had "demanded the victims have sexual intercourse with him, and upon being rebuffed, became violent"); *Cooley v. State*, 201 Ga. App. 171, 172 (2) (410 SE2d 453) (1991) (evidence of present and prior rape sufficiently similar, where both crimes occurred late at night after the defendant had been drinking and using drugs).

3. Alvarez contends that his trial counsel was ineffective for failing to locate and call witnesses who purportedly would have corroborated his claim that he had a prior, consensual sexual relationship with the victim. We are unpersuaded.

> The two-prong test for determining the validity of a claim of ineffectiveness of counsel provided in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), asks whether counsel's performance was deficient and, if so, whether this deficiency prejudiced the defense; that is, whether there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's deficiency. If the defendant cannot satisfy

either of the two prongs of the *Strickland* test, his ineffective assistance claim fails.

(Citation and punctuation omitted.) *Martinez v. State*, 303 Ga. App. 166, 171-172 (4) (692 SE2d 766) (2010).

Alvarez has failed to show that the purported deficiency of his trial counsel prejudiced his defense, given that he failed to proffer the testimony of any of the alleged potential witnesses at the hearing on his motion for a new trial. Because Alvarez failed to make such a proffer, "it is impossible for him to show there is a reasonable probability the results of the proceeding would have been different," and thus impossible for him to succeed on his ineffective assistance claim. (Punctuation and footnote omitted.) *Middlebrooks v. State*, 289 Ga. App. 91, 94 (3) (b) (656 SE2d 224) (2008). See also *Boggs v. State*, 304 Ga. App. 698, 707 (5) (e) (697 SE2d 843) (2010).

*Judgment affirmed. Adams and Blackwell, JJ., concur.*

DECIDED APRIL 19, 2011 —
RECONSIDERATION DENIED MAY 3, 2011.

*John J. McArthur*, for appellant.
*Kenneth W. Mauldin, District Attorney, Brian V. Patterson, Assistant District Attorney*, for appellee.