## A97A0618. MANRY v. THE STATE.

(487 SE2d 80)

ANDREWS, Chief Judge.

Manry appeals pro se from the trial court's order which dismissed his motion contending that he was serving an illegal and void

sentence. The trial court concluded it did not have jurisdiction of the motion, which it treated as a habeas corpus petition.

Manry was indicted for one count of conspiracy to kidnap and murder two former business associates, Waldrop and Blackmon, two counts of soliciting their kidnappings, and two counts of soliciting the murders of the two men. On June 30, 1992, Manry pled guilty to the four solicitation counts and the State agreed to enter a nolle prosequi on the conspiracy charge. That same day, Manry was sentenced to five years each on the Waldrop counts to be served consecutively, plus five years probation on the Blackmon solicitation of kidnapping count, consecutive to the ten-year imprisonment sentence, and five years on the Blackmon solicitation of murder count, concurrent with the five years on the first Waldrop sentence.

Manry sought review by the Sentence Review Panel, which affirmed the sentence by order filed on November 19, 1992. On April 1, 1996, Manry filed his "Motion to Vacate and Correct Illegal Void Sentence" in Muscogee County Superior Court, in response to which the order appealed was entered, finding that the court did not have jurisdiction pursuant to OCGA § 9-14-43.

Manry argues that his sentence is void because there was, in fact, only one solicitation. The initial issue, however, is whether Manry, by pleading guilty, waived his later asserted double jeopardy claim. A trial court has no jurisdiction to modify a sentence after the term of court ends or 60 days pass as occurred here, OCGA § 15-6-3 (8) (D); *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991), but may resentence a defendant at any time if the sentence entered is void, i.e., imposes a sentence the law does not allow. Id.

This is not, as urged by Manry, a situation comparable to that in *Blackledge v. Perry*, 417 U. S. 21 (94 SC 2098, 40 LE2d 628) (1974), and *Menna v. New York*, 423 U. S. 61 (96 SC 241, 46 LE2d 195) (1975), because the right involved there was not to again be "haled into court at all" after once being tried under the same facts. Instead, this situation is very similar to *United States v. Broce*, 488 U. S. 563 (109 SC 757, 102 LE2d 927) (1989), where, after entering pleas of guilty to two separate indictments alleging bid rigging on two highway projects, Broce Construction Company and its owner sought to vacate their sentences, claiming there was only a single conspiracy, not separate conspiracies for each project. The Supreme Court rejected this argument, finding that "a guilty plea 'is more than a confession which admits that the accused did various acts.' [Cit.] It is an 'admission that he committed the crime charged against him.' [Cit.]" *Broce*, supra at 570. Here, as in *Broce*, the accused pled guilty to "indictments that on their face described separate [solicitations]," and the judgment is not subject to collateral attack. *Broce*, supra at 576; see *Noble v. State*, 220 Ga. App. 155, 159 (469 SE2d 307) (1996).

As stated in *Cabell v. State*, 221 Ga. App. 192 (471 SE2d 222) (1996), "[b]ecause the court lacked jurisdiction to consider the substantive issues [defendant] raised in his motion, the order appealed from is a nullity. OCGA § 17-9-4; [cits.]. The motion cannot be construed as a motion in arrest of judgment because it was not filed during the term the judgment was obtained. OCGA § 17-9-61 (b). Nor can it be considered a habeas petition because [defendant] filed it in the county of his conviction rather than against his warden in the county where he is incarcerated. [Cits.]" See also *Stargell v. State*, 204 Ga. App. 45 (418 SE2d 372) (1992).

Therefore, the trial court's order concluding it had no jurisdiction to consider the motion is correct.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED MAY 13, 1997.

Before Judge Johnston.

Charles B. Manry, *pro se.*

J. Gray Conger, *District Attorney*, Frances D. Hakes, *Assistant District Attorney*, for appellee.

