## A03A1619. MOTES v. THE STATE.
### (586 SE2d 682)

JOHNSON, Presiding Judge.

This is an appeal from the denial of a motion to vacate a criminal conviction as void. The appeal is without merit, so we affirm the trial court's ruling.

In April 1981, Roy Motes and two other men were indicted for armed robbery. Motes pled not guilty to the charge, and was tried before a jury. On September 16, 1981, the jury found Motes guilty of armed robbery, and the trial court sentenced Motes to serve 20 years in prison.

Twenty-one years after his conviction, in May 2002, Motes moved the trial court to vacate his sentence and conviction on the ground that the indictment lacked an essential element of the crime of armed robbery. He claims in his motion that the indictment, which charged that Motes had the intent to commit theft when he used offensive weapons — shotguns — to take money and other property of the victim, is null and void because it failed to state that he took the property from the person or immediate presence of another. The trial court denied Motes' motion to vacate, and Motes appeals from that ruling.

Typically, a criminal defendant challenges an indictment through either a special or a general demurrer.[1] A special demurrer

---

[1] *McKay v. State*, 234 Ga. App. 556, 558 (2) (507 SE2d 484) (1998).

challenges merely the form of the indictment and must be raised before entering a plea to the indictment, whereas a general demurrer challenges the very validity of the indictment and may be raised anytime during trial.[2] A general demurrer may even be raised after the verdict by a motion in arrest of judgment,[3] although a motion in arrest of judgment must be made during the term when the judgment was obtained.[4] "A motion in arrest asserts that the indictment contains a defect on its face affecting the substance and real merits of the offense charged and voiding the indictment, such as failure to charge a necessary element of a crime."[5]

Looking at the substance of Motes' motion, rather than its nomenclature, it is apparent that he has filed a motion in arrest of the judgment of conviction on the ground that the indictment lacked an essential element.[6] As noted above, such a motion in arrest of judgment, challenging the very validity of the indictment, was required to have been made during the term of court when the judgment was obtained.[7] Because the motion was not made during the term when judgment was entered, but was made some 21 years after Motes' conviction, it was untimely and provides no basis for arresting his conviction.[8]

Moreover, we note that the argument raised in Motes' motion has previously been decided adversely to him. Like Motes, the defendant in *Campbell v. State*[9] filed a motion in arrest of judgment as to an armed robbery conviction on the ground that the indictment omitted essential language that he took property from the person or the immediate presence of another.[10] The indictment in that case was materially similar to the one in the instant case in that it charged that the defendant had the intent to commit theft when he used an offensive weapon — a knife — to take a car.[11] This court found that such an armed robbery indictment was not void and affirmed the trial court's denial of the motion in arrest of judgment, noting that an allegation that an offensive weapon was used to accomplish a taking necessarily implies that property was taken from the person or

---

[2] Id.

[3] Id. at 559.

[4] OCGA § 17-9-61 (b).

[5] (Citation and punctuation omitted.) *McKay*, supra.

[6] See *Felder v. State*, 274 Ga. 870, 871 (561 SE2d 88) (2002) (Supreme Court looked at substance of motions rather than their nomenclature).

[7] OCGA § 17-9-61 (b).

[8] See *Manry v. State*, 226 Ga. App. 445, 447 (487 SE2d 80) (1997) (motion to vacate sentence not a proper motion in arrest of judgment because it was not filed during term judgment obtained).

[9] 223 Ga. App. 484 (477 SE2d 905) (1996).

[10] Id. at 485 (3).

[11] Id.

immediate presence of another.[12] Likewise, the trial court here did not err in denying Motes' motion.

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED AUGUST 12, 2003.

Roy Motes, *pro se.*

*Daniel J. Porter, District Attorney, Peter H. Boehm, Assistant District Attorney,* for appellee.