## A03A2044. MURKERSON v. THE STATE.
(592 SE2d 184)

RUFFIN, Presiding Judge.

Following a bench trial on stipulated facts, the trial court found Dean Alan Murkerson, Jr., a Decatur County jailer, guilty of violating his oath of office and of bribery.[1] In his sole enumeration of error on appeal, Murkerson contends that the trial court erred in failing to grant his demurrer to the indictment. For reasons that follow, we affirm.

1. As a threshold matter, we must address the State's contention that Murkerson's claim is procedurally barred. According to the State, Murkerson's failure to raise his claim of error before the bench trial operates to bar his claim. We disagree.

On the day of trial, Murkerson filed a general demurrer, challenging the validity of the indictment as to the bribery count. And, following trial, he filed a motion in arrest of judgment, contesting the validity of the indictment as to the charge that he violated his oath of office. As this Court noted in *Motes v. State*,[2] a general demurrer does not need to be raised before trial to preserve the issue for appeal, but "may even be raised after the verdict by a motion in arrest of judgment, although a motion in arrest of judgment must be made during the term when the judgment was obtained."[3] Thus, the State's contention that the claim is procedurally barred is not well taken.

2. The record demonstrates that Murkerson was indicted for violating his oath of office by receiving marijuana as payment for delivering a pack of cigarettes to an inmate. Under OCGA § 16-10-1, the offense of "[v]iolation of oath by public officer" applies solely to wilful or intentional violations of an oath "as prescribed by law." On appeal, Murkerson asserts that the oath he took is not prescribed by law, and thus the trial court erred in failing to grant his demurrer.

Under OCGA § 42-4-2, jailers are required to take the following oath:

> "I do swear that I will well and truly do and perform, all and singular, the duties of jailer . . . and that I will humanely treat prisoners who may be brought to the jail of which I am keeper and not suffer them to escape by any negligence or inattention of mine."

Although this language is contained in the oath allegedly taken by

---

[1] The trial court also found Murkerson guilty of possessing marijuana, but Murkerson does not contest this conviction on appeal.

[2] 262 Ga. App. 728 (586 SE2d 682) (2003).

[3] (Footnote omitted.) Id. at 729.

Murkerson, the oath contains additional language, including a promise "to obey, to adhere to, and to uphold and enforce the laws of the United States of America and of the State of Georgia at all times."[4] According to Murkerson, he was charged with possessing marijuana in violation of the law, conduct which is *not* set out in the oath prescribed by law. Because it is only those terms contained in the oath prescribed by law that can give rise to a charge of violating one's oath of office, Murkerson asserts that the trial court erred in failing to sustain his demurrer as to this count of the indictment.

As this Court recently reiterated,

> [t]he true test of the sufficiency of an indictment that will withstand a general demurrer is . . . as follows: If all the facts which the indictment charges can be admitted, and still the accused be innocent, the indictment is bad; but if, taking the facts alleged as premised, the guilt of the accused follows as a legal conclusion, the indictment is good. An indictment which charges the offense in the language of the defining statute and describes the acts constituting the offense sufficiently to put the defendant on notice of the offense with which he is charged survives a general demurrer.[5]

Although the oath prescribed by law did not require Murkerson to obey and uphold the laws of Georgia, it did require him to "well and truly perform" his job as jailer. If Murkerson admits the facts alleged in the indictment — that he received marijuana as payment for delivering cigarettes to an inmate — it cannot reasonably be said that he well and truly performed his duties as jailer. Thus, Murkerson would not be innocent of violating his oath of office. It follows that the trial court did not err in refusing to sustain Murkerson's general demurrer.

3. Murkerson also contends that the trial court erred in failing to grant his demurrer with respect to the bribery charge. According to the indictment, Murkerson was charged with

> agreeing to receive a thing of value, to wit: Ten Dollars ($10.00) in United States Currency or Marijuana, by inducing the reasonable belief that the giving of [the marijuana] would influence his performance of an official act, to wit:

---

[4] The State fails to acknowledge that the oath Murkerson took contained extraneous language, and its brief is somewhat misleading in that it suggests the oath Murkerson took is the oath contained in OCGA § 42-4-2.

[5] *Hovis v. State*, 260 Ga. App. 278, 280 (1) (a) (582 SE2d 127) (2003).

that [Murkerson] would deliver a package of cigarettes to [an] inmate.

Pursuant to OCGA § 16-10-2, any state or county employee or official who receives or agrees to receive a thing of value by inducing the reasonable belief that the exchange will influence his job performance is guilty of bribery. However, the statute provides that "[a] thing of value shall *not* include . . . [a]ny gift with a value less than $100.00."[6] Because the indictment alleges the value of the item exchanged as $10, Murkerson argues that it "is defective and insufficient to charge [him] with the crime of Bribery." We disagree.

To sustain the demurrer, Murkerson must be able to admit to the charges and remain innocent.[7] Murkerson is unable to meet this burden, notwithstanding the $10 value of the alleged bribe. It is axiomatic that, where the words of a statute are plain and capable of having only one meaning, we construe the statute as written as long as doing so does not produce an absurd result.[8] As noted by the State, the word "gift" means something that is given gratuitously, without remuneration.[9] Thus, where an indictment alleges the giving of a thing of value in exchange for a service rendered, the thing cannot be considered a gift. Accordingly, the trial court did not err in refusing to grant Murkerson's demurrer with respect to the bribery charge of the indictment.

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED DECEMBER 15, 2003 — 

*Gilbert J. Murrah*, for appellant.
*J. Brown Moseley, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.

---

[6] (Emphasis supplied.) OCGA § 16-10-2 (a) (2) (G).
[7] See *Hovis*, supra.
[8] See *State v. Brown*, 250 Ga. App. 376, 378 (1) (551 SE2d 773) (2001); *Davis v. State*, 213 Ga. App. 212, 213 (2) (444 SE2d 142) (1994).
[9] See *Rodgers v. Ga. Tech Athletic Assn.*, 166 Ga. App. 156, 162 (2) (b) (303 SE2d 467) (1983) (a " 'gift' is defined as '(a) voluntary transfer of personal property without consideration' ").