## S04A1252. COLEMAN v. THE STATE.
### (604 SE2d 157)

SEARS, Presiding Justice.

Appellant Michael Coleman pled guilty to one count of malice murder in June 1990. In January 2004, proceeding pro se, he filed a motion seeking permission to file an out-of-time appeal. The trial court denied the motion, and Coleman appeals. For the reasons explained below, we affirm.

1. Having reviewed the record, we conclude it establishes that when entering his guilty plea, Coleman acknowledged that: (1) he understood his waiver of the rights enumerated in Uniform Superior Court Rule (USCR) 33.8; (2) he understood the nature of the charges against him; (3) he had conferred with counsel about the consequences of his plea; and (4) his plea was freely and voluntarily entered.[1]

---

[1] See *Roberts v. Greenway*, 233 Ga. 473, 475 (211 SE2d 764) (1975).

2. Coleman alleges that counsel was ineffective for failing to adequately advise him in connection with his guilty plea. In *Smith v. State*,[2] this Court held that:

> A criminal defendant has the absolute right to file a timely direct appeal from a judgment of conviction and sentence entered after a jury or bench trial. However . . . [a] criminal defendant has no unqualified right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea. A direct appeal will lie from a judgment of conviction and sentence entered on a guilty plea only if the issue on appeal can be resolved by facts appearing in the record.[3]

When a defendant appeals from a guilty plea on the grounds of ineffective assistance of trial counsel, "the issues which he seeks to raise on appeal can be developed only in the context of a post-plea hearing."[4] Accordingly, such a defendant may not file a direct appeal where the only evidence of record is a transcript of the guilty plea hearing. Rather, the defendant's proper remedy is to file a motion to withdraw his guilty plea, develop the record regarding his claim of ineffectiveness, and then appeal a denial of that motion.

In this case, Coleman did not file a motion to withdraw his guilty plea and raise the issue of whether trial counsel was ineffective, and the only evidence of record is the transcription of his guilty plea hearing. Accordingly, under the precedent discussed above, Coleman cannot challenge the effectiveness of trial counsel in a direct appeal. It follows that the trial court properly denied the motion to file an out-of-time appeal.[5]

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 12, 2004.

Michael Coleman, *pro se.*

Dennis C. Sanders, *District Attorney*, Durwood R. Davis, *Assistant District Attorney*, for appellee.

---

[2] 266 Ga. 687 (470 SE2d 436) (1996).

[3] 266 Ga. at 687. See also *Grantham v. State*, 267 Ga. 635 (481 SE2d 219) (1997).

[4] *Caine v. State*, 266 Ga. 421, 422 (467 SE2d 570) (1996).

[5] We also note that because the trial court's jurisdiction to entertain a motion to withdraw the guilty plea ended after the term of court in which the judgment of conviction was rendered, it appears that Coleman's only remaining recourse is to seek relief under the writ of habeas corpus. *Morrow v. State*, 266 Ga. 3, 4 (463 SE2d 472) (1995).