A08A1841. OLGUIN v. THE STATE.
(674 SE2d 89)

BERNES, Judge.

Arturo Olguin entered a negotiated guilty plea to charges of rape, kidnapping, and aggravated assault. Approximately five years later, Olguin, appearing pro se, filed a motion for an out-of-time appeal. The trial court denied the motion, and Olguin appeals from that denial. Olguin contends that he was entitled to an out-of-time appeal since his trial counsel rendered ineffective assistance at the

---

guilty plea proceedings. We discern no error and affirm.

> If a defendant moves for an out-of-time appeal after he has entered a guilty plea, he bears the burden of showing two things: first, that he actually had a right to file a timely direct appeal; and second, that the right to appeal was frustrated by the ineffective assistance of counsel.

(Citation and punctuation omitted.) *Denova v. State*, 268 Ga. App. 16 (601 SE2d 400) (2004). See also *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996). Olguin failed to meet his burden in this case.

A criminal defendant does not have an unqualified right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea. *Smith*, 266 Ga. at 687. A direct appeal will lie after the entry of a guilty plea only if the issue on appeal can be resolved by facts appearing in the record. Id.; *Obi v. State*, 229 Ga. App. 94, 96 (2) (493 SE2d 246) (1997). Our appellate courts have further held that

> where a defendant appeals a guilty plea on the grounds of ineffective assistance of counsel, the issues which he seeks to raise on appeal can be developed only in the context of a post-plea hearing. Accordingly, the defendant may not file a direct appeal where the only evidence in the record is the transcript of the guilty plea hearing.

(Citation and punctuation omitted.) *Obi*, 229 Ga. App. at 96 (2), citing *Caine v. State*, 266 Ga. 421, 422 (467 SE2d 570) (1996). See also *Denova*, 268 Ga. App. at 18 (4); *Flanigan v. State*, 238 Ga. App. 296, 297 (2) (517 SE2d 569) (1999).

Here, Olguin seeks to challenge the effectiveness of his trial counsel's assistance. But, the only evidence in the record is the transcript of his guilty plea hearing. Under these circumstances, the trial court did not abuse its discretion in denying the motion for an out-of-time appeal. See *Denova*, 268 Ga. App. at 18 (4); *Obi*, 229 Ga. App. at 96 (2).

*Judgment affirmed. Andrews, P. J., and Doyle, J., concur.*

DECIDED FEBRUARY 19, 2009.

Arturo Olguin, *pro se.*
*Daniel J. Porter, District Attorney, Tracie H. Cason, Assistant District Attorney*, for appellee.