## A08A1825. GROGAN v. THE STATE.
(676 SE2d 764)

DOYLE, Judge.

A Hall County jury found Anthony L. Grogan guilty of family violence battery,[1] for which he was sentenced to a term of five years, with three years to serve in confinement, based on a recidivism provision in the battery statute addressing family violence.[2] Grogan appeals, contending that the trial court erroneously enhanced his family violence battery sentence from a misdemeanor to a felony based on a previous conviction of family violence battery. Specifically, Grogan argues that the previous conviction (arising from a guilty plea) was based on a defective indictment that omitted an essential element of family violence battery and was not, therefore, a prior family violence battery conviction for sentence enhancement purposes, but rather merely a conviction for simple battery. For the reasons that follow, we affirm.

The undisputed record shows that in May 2005, Grogan was indicted for aggravated assault, family violence battery, and obstruction of an emergency call. Grogan subsequently agreed to a negotiated plea of guilty to one count of simple assault and one count of family violence battery (with the call obstruction nolle prossed). Grogan was sentenced for misdemeanors on both counts.

In August 2005, Grogan was indicted for false imprisonment and family violence battery, and, following his not guilty plea, a jury found Grogan guilty in 2008 as to the family violence battery count. Prior to sentencing, the State submitted a letter regarding sentencing, arguing that, in light of Grogan's prior guilty plea to family violence battery, Grogan should be sentenced under OCGA § 16-5-23.1 (f) (2), which provides that a second offense of family violence battery is considered a felony offense.

In support of its argument, the State provided the prior family violence battery conviction and the hearing transcript showing that Grogan voluntarily pleaded guilty to family violence battery. Follow-

---

[1] OCGA § 16-5-23.1 (f).

[2] See OCGA § 16-5-23.1 (f) (2).

ing a hearing in which the trial court rejected Grogan's argument that the prior conviction was based on a flawed indictment, the court sentenced Grogan as a felon in the second family violence battery conviction.

On appeal, Grogan argues that his 2006 guilty plea could not constitute a family violence battery conviction because the indictment for that offense failed to contain an essential element of family violence battery (i.e., the indictment failed to allege the special relationship to the victim which converted the battery into family violence battery).[3] Therefore, Grogan asserts that the trial court erred by relying on the 2006 conviction to enhance the sentence for his 2008 conviction. However, this argument is procedurally flawed, and we need not reach the merits here.

"While a plea of guilty waives all defenses known and unknown, the defendant does not waive his right to claim that the indictment itself charges no crime.[4] A general demurrer challenging the validity of the [prior] indictment may be raised at any time, but not in any proceeding."[5]

> When an indictment is absolutely void in that it fails to charge the accused with any act made a crime by the law and . . . no demurrer to the indictment is interposed and the accused is convicted under the indictment and judgment is entered . . . , the accused's proper remedy is a motion in arrest of judgment or habeas corpus.[6]

Therefore, as Grogan failed to challenge the indictment to which he

---

[3] OCGA § 16-5-23.1 (f) provides that

[i]f the offense of battery is committed between past or present spouses, persons who are parents of the same child, parents and children, stepparents and stepchildren, foster parents and foster children, or other persons living or formerly living in the same household, then such offense shall constitute the offense of family violence battery. . . .

See *Meja v. State*, 232 Ga. App. 548, 549 (1) (502 SE2d 484) (1998).

[4] It is undisputed that the prior indictment charges Grogan with the basic elements of battery, so Grogan does not argue that the prior indictment fails to charge him with *any* crime. He only argues that it failed to charge him with the necessary elements of family violence battery. However, because the sentence enhancement issue urged on appeal would turn on whether Grogan was charged with family violence battery at all, we assume without deciding that Grogan's argument is functionally the same as a typical "missing element" general demurrer.

[5] (Footnote omitted.) *Fleming v. State*, 276 Ga. App. 491, 494 (2) (623 SE2d 696) (2005). See also *Motes v. State*, 262 Ga. App. 728, 729 (586 SE2d 682) (2003).

[6] *McKay v. State*, 234 Ga. App. 556, 559 (2) (507 SE2d 484) (1998). See also *Harris v. State*, 258 Ga. App. 669, 671 (1) (574 SE2d 871) (2002) ("[a] motion in arrest of judgment or habeas corpus are the only remedies available when no demurrer to the indictment is interposed before judgment is entered on the verdict").

pleaded guilty, his remedy is so limited.[7]

Looking at the substance of Grogan's argument,[8] it is apparent that he essentially asserts a facial defect in the prior indictment — that the prior indictment failed to allege an essential element of family violence battery — which is cognizable as a motion in arrest of judgment.[9] However, such a motion must have been filed within the same term of court in which the March 2006 judgment was entered, so any such motion made at Grogan's January 2008 sentencing hearing was untimely.[10]

Grogan's claim is however cognizable in a habeas proceeding,[11] but the present context cannot be construed to be a habeas proceeding because the claim was urged during the sentencing phase of a criminal case on the subsequent offense (when Grogan was not yet incarcerated for that offense[12]), and it was not filed in the county where he is presently incarcerated but instead was argued in the county where he was convicted and sentenced.[13] Nor is the claim valid as an extraordinary motion for new trial because that remedy is not available to one who pleaded guilty.[14]

Accordingly, we need not reach the merits of Grogan's claim. Because the trial court relied on a prior conviction of family violence battery as authorized by OCGA § 16-5-23.1 (f) (2), we affirm.

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED MARCH 17, 2009 —
RECONSIDERATION DENIED APRIL 1, 2009

---

[7] Even if we were to consider Grogan's claim as a motion to withdraw a guilty plea, it fails.

> During the term in which they are rendered, judgments of criminal conviction are in the breast of the trial court and may, therefore, be vacated for good cause shown. However, after the original term has passed, a motion to vacate and set aside the judgment is not an appropriate remedy in a criminal case. This rule applies equally to a withdrawal of a plea; otherwise, there would be no limit to time to withdraw a plea and no end to the case.

(Citations and punctuation omitted.) *State v. James*, 211 Ga. App. 149, 149-150 (2) (438 SE2d 399) (1993).

[8] See *Motes*, 262 Ga. App. at 729.

[9] See *Fleming*, 276 Ga. App. at 494-495 (2); *Motes*, 262 Ga. App. at 729.

[10] See OCGA § 17-9-61 (b); *Mitchell v. State*, 282 Ga. 416, 418 (3) (651 SE2d 49) (2007); *Fleming*, 276 Ga. App. at 495 (2); *Motes*, 262 Ga. App. at 729. See also OCGA § 15-6-3 (26) (B) (Hall County Superior Court has four terms of court each year).

[11] See *Harris*, 258 Ga. App. at 671 (1).

[12] Grogan's year-long probation sentence, imposed in March 2006, on the prior misdemeanor family violence battery had been completed by the time of the January 2008 sentencing hearing.

[13] See *Fleming*, 276 Ga. App. at 495 (2).

[14] See id.; *Manry v. State*, 226 Ga. App. 445, 447 (487 SE2d 80) (1997).

254

*Larry L. Duttweiler, James C. Bonner, Jr.*, for appellant.
*Lee Darragh, District Attorney, Lindsay H. Burton, Assistant District Attorney*, for appellee.