## A10A2191. SHELTON v. THE STATE.
(705 SE2d 699)

MILLER, Presiding Judge.

Lorenzo Shelton pled guilty to aggravated assault with intent to rape (OCGA § 16-5-21 (a) (1)) and kidnapping (OCGA § 16-5-40 (a)) on February 2, 2007. He was sentenced to 20 years on each count to be served consecutively, for a total of 40 years imprisonment. More than three years later, on March 4, 2010, Shelton filed a pro se "Motion for Out-of-Time Appeal to Vacate Void Sentence," contending (i) that his counsel rendered ineffective assistance. Specifically, he also alleges (ii) that his guilty pleas were accepted in violation of the constitutional prohibition against double jeopardy; (iii) that his sentence was void since the indictment failed to allege the essential

---

elements of the offenses; and (iv) that the alleged asportation was insufficient to support the kidnapping conviction under the *Garza*[1] test. The trial court denied the motion, from which Shelton appeals. For the reasons explained below, we affirm.

The factual basis[2] for Shelton's guilty plea reflected that on September 22, 2006 at 3:00 a.m., the female victim was doing laundry at a laundromat facility. Shelton entered the facility and approached the victim. Shelton then grabbed the victim and dragged her from the front of the facility to a bathroom in the back of the facility. While holding the victim in the bathroom for approximately 40 minutes, Shelton sexually assaulted the victim and had forcible sexual intercourse with the victim against her will.

The laundromat facility was equipped with a video camera that recorded portions of Shelton's attack against the victim. The victim also was able to give a detailed description of Shelton as the attacker. Shelton was subsequently arrested and charged with the aggravated assault and kidnapping offenses.

Shelton pled guilty to the offenses and admitted that he had committed the acts as set forth in the factual basis described by the State. After serving three years of his forty-year sentence, Shelton filed a motion for an out-of-time appeal, which the trial court denied.

1. Shelton contends that the trial court erred in denying his motion for an out-of-time appeal based upon his claims of ineffective assistance of counsel. We discern no error.

"In order for an out-of-time appeal to be available to a defendant on the basis of alleged ineffective assistance of counsel, the defendant must have had the right to file a direct appeal." *Stewart v. State*, 268 Ga. 886, 887 (494 SE2d 665) (1998). Following the entry of a guilty plea, "a direct appeal will lie only if the issue on appeal is capable of resolution by reference to facts on the record." Id. See also *Grantham v. State*, 267 Ga. 635 (481 SE2d 219) (1997); *Olguin v. State*, 296 Ga. App. 208, 209 (674 SE2d 89) (2009).

> [W]here a defendant appeals a guilty plea on the grounds of ineffective assistance of counsel, the issues which he seeks to raise on appeal can be developed only in the context of a post-plea hearing. Accordingly, the defendant may not file a

---

[1] See *Garza v. State*, 284 Ga. 696, 701-702 (1) (670 SE2d 73) (2008).

[2] Uniform Superior Court Rule 33.9 provides that before entering a judgment on a guilty plea, the trial court must determine on the record that a factual basis exists for the plea. See *State v. Evans*, 265 Ga. 332, 333-334 (1) (454 SE2d 468) (1995). At the plea hearing, the State described the incident and Shelton's criminal acts that supported the charged offenses and Shelton's guilty plea.

direct appeal where the only evidence in the record is the transcript of the guilty plea hearing.

(Citations and punctuation omitted.) *Olguin*, supra, 296 Ga. App. at 209.

Here, Shelton contends that his counsel was ineffective in his representation and provided misinformation to induce his guilty plea. Under these circumstances, Shelton's claims could not be resolved by reference to facts contained in the record and must be developed in a post-plea hearing. Consequently, the trial court did not err in denying the motion for an out-of-time appeal; Shelton's remedy must be pursued in a habeas corpus action. See *Coleman v. State*, 278 Ga. 493, 494 (2) (604 SE2d 157) (2004); *Stewart*, supra, 268 Ga. at 887; *Grantham*, supra, 267 Ga. at 636; *Olguin*, supra, 296 Ga. App. at 209.[3]

2. Shelton also contends that his guilty pleas were accepted in violation of the constitutional prohibition against double jeopardy because the aggravated assault and kidnapping offenses should have been merged as a matter of law and fact.[4] Shelton's contention is without merit.[5]

For a kidnapping conviction, the state must prove an unlawful asportation of a person against his will. OCGA § 16-5-40 [(a)]. For a conviction on a charge of aggravated

---

[3] Moreover,

[t]o the extent that [Shelton] is challenging the validity of his guilty plea, his challenge to the trial court's acceptance of the plea must be raised through habeas corpus proceedings because he neither sought to withdraw his guilty plea nor filed a direct appeal until after the expiration of the term of court in which his plea was accepted.

(Citation omitted.) *Denova v. State*, 268 Ga. App. 16 (1) (601 SE2d 400) (2004). See also *Coleman*, supra, 278 Ga. at 494 (2), n. 5.

[4] To the extent that Shelton's arguments are based upon other charges in the indictment for which he was not convicted, those charges are irrelevant to our analysis. See *Middlebrooks v. State*, 289 Ga. App. 91, 93 (1) (656 SE2d 224) (2008).

[5] We note that the trial court's order denying Shelton's motion only addressed the ineffective assistance of counsel issue and failed to address the remaining claims presented in Shelton's motion. Under these circumstances, this Court generally would remand the case for the trial court's determination of the remaining claims. "However, remand should be principled and necessary, not automatic, delaying, and wasteful of judicial and legal resources. ... [A] judgment that is right for any reason will be affirmed." (Citations and punctuation omitted.) *Banks v. State*, 275 Ga. App. 326, 329, n. 4 (620 SE2d 581) (2005). To the extent that Shelton's remaining claims present legal or procedural issues that may be decided based upon the record before this Court, remand would serve no useful purpose. See id. See also *Ruiz v. State*, 286 Ga. 146, 149 (2) (b) (686 SE2d 253) (2009) (holding that remand is not mandated if the appellate court can determine from the record that the appellant cannot prevail on his claim); *Elliott v. State*, 230 Ga. App. 855, 859 (4) (d) (497 SE2d 817) (1998) (same). Accordingly, we will address Shelton's remaining claims in the interest of judicial economy.

assault with intent to rape, the state must show that
appellant assaulted the victim with the intent to rape her.
See OCGA § 16-5-21 (a) (1).

(Citation and punctuation omitted.) *Strozier v. State*, 171 Ga. App.
703, 705-706 (4) (320 SE2d 764) (1984). In setting forth the factual
basis for the plea, the State asserted that Shelton had dragged the
victim from the front of the laundromat facility into a bathroom in
the back of the facility, which formed a basis for the kidnapping
charge. The State further asserted that Shelton had sexually as-
saulted the victim while holding her in the bathroom, which formed
a basis for the aggravated assault with the intent to rape charge.
Shelton admitted that the incident had occurred as described by the
State.

Since each of the offenses was separate and required proof of
different facts, they did not merge as a matter of law or fact. See
*McGuire v. State*, 266 Ga. App. 673, 678 (3) (598 SE2d 55) (2004);
*Strozier*, supra, 171 Ga. App. at 705-706 (4). See also *Drinkard v.
Walker*, 281 Ga. 211, 215 (636 SE2d 530) (2006) (adopting the
"required evidence" test for the determination of merger issues). It
thus follows that "[u]nder the circumstances of this case, the same
conduct [was] not being punished twice nor [was] one act included in
the other so as to proscribe the separate conviction and punishment
for each act." (Citations and punctuation omitted.) *Strozier*, supra,
171 Ga. App. at 706 (4).

3. Shelton further contends that his motion should have been
granted since his sentence was void. His contention is without merit.

(a) "A sentence is void if the court imposes punishment that the
law does not allow. When the sentence imposed falls within the
statutory range of punishment, the sentence is not void[.]" (Cita-
tions and punctuation omitted.) *Jones v. State*, 278 Ga. 669, 670 (604
SE2d 483) (2004). Upon Shelton's entry of the guilty plea to
aggravated assault and kidnapping, the trial court accepted the
State's recommendation and sentenced Shelton to 20 years for each
offense, to be served consecutively for a total of 40 years imprison-
ment. The offenses of aggravated assault and kidnapping both
carried maximum sentences of 20 years. See OCGA §§ 16-5-21 (b)
(2007); 16-5-40 (b) (1) (2007). Since Shelton's sentence fell within
the statutory range, it was not void. See *Worley v. State*, 265 Ga. 251,
252 (1) (454 SE2d 461) (1995) ("OCGA § 17-10-1 authorizes a trial
judge to sentence a defendant within limits prescribed by the
applicable criminal statute."); *Baez v. State*, 257 Ga. App. 129, 130
(570 SE2d 352) (2002) (discerning no merit in a defendant's un-
timely attempt to seek modification of his sentence under the guise

of claiming that his sentence was void; a sentence that is within the range prescribed by law is not void).

(b) Shelton nevertheless argues that his sentence was void on the ground that the indictment failed to allege the essential elements of the aggravated assault and kidnapping offenses. Shelton's claim, however, is procedurally flawed.

> [T]he right to be tried upon an indictment that is perfect in form and in substance is waived when a defendant fails to timely and properly challenge the indictment. Because [Shelton] failed to challenge the [indictment] by way of special demurrer or by filing a motion to quash before entering his guilty plea, he waived the right to a perfect [indictment].

(Citations omitted.) *State v. Hammons*, 252 Ga. App. 226, 229 (2) (a) (555 SE2d 890) (2001).

Moreover, while a general demurrer challenging the validity of an indictment may be raised at any time, it may not be raised in any proceeding. See *Grogan v. State*, 297 Ga. App. 251, 252 (676 SE2d 764) (2009).

> When an indictment is absolutely void in that it fails to charge the accused with any act made a crime by the law[,] and no demurrer to the indictment is interposed and the accused is convicted under the indictment and judgment is entered, the accused's proper remedy is a motion in arrest of judgment or habeas corpus.

(Punctuation and footnote omitted.) Id. Shelton failed to file a motion in arrest of judgment within the same term of court in which the judgment was entered, and thus his remedy is limited to a habeas corpus action. Id. Accordingly, Shelton's motion for an out-of-time appeal raising this claim was properly denied.

(c) Shelton also argues that his kidnapping charge was void in light of *Garza v. State*, 284 Ga. 696, 701-702 (1) (670 SE2d 73) (2008), which established a new test for analyzing the element of asportation. He argues that his case was pending in the "pipeline" at the time of the *Garza* decision, and thus the new test should have been applied in his case. Again, we discern no reversible error.

At the time of Shelton's crime in September 2006 and his subsequent conviction in February 2007, our state law provided that the element of asportation supporting a kidnapping charge could be established by proof of movement of the victim, however slight. See *Lyons v. State*, 282 Ga. 588, 591 (1) (652 SE2d 525) (2007); *Phillips*

*v. State*, 284 Ga. App. 683, 685 (1) (b) (644 SE2d 535) (2007); *Mullins v. State*, 280 Ga. App. 689, 690 (1) (634 SE2d 850) (2006). Our Supreme Court later adopted a new test for determining the element of asportation in *Garza*, supra, 284 Ga. at 701-702 (1). Now, under *Garza*, four factors must be considered in determining whether the movement of the victim constituted the asportation needed for kidnapping:

> (1) the duration of the movement; (2) whether the movement occurred during the commission of a separate offense; (3) whether such movement was an inherent part of that separate offense; and (4) whether the movement itself presented a significant danger to the victim independent of the danger posed by the separate offense.

Id. at 702 (1). All of the factors do not have to favor the State to prove asportation. See *Abernathy v. State*, 299 Ga. App. 897, 900 (1) (685 SE2d 734) (2009).[6]

Under the "pipeline" approach, "a new rule of criminal procedure . . . will be applied to all cases then on direct review or not yet final." *Taylor v. State*, 262 Ga. 584, 586 (3) (422 SE2d 430) (1992). Shelton's case, however, had been finalized and was not pending on direct review when the *Garza* decision was rendered. Accordingly, contrary to Shelton's contention, his case was not in the pipeline at the time of the *Garza* decision. Compare *Grimes v. State*, 297 Ga. App. 720, 722 (678 SE2d 167) (2009) (holding that since the defendant's appeal was pending when the *Garza* decision was issued, it was in the "pipeline" and the *Garza* test applied).

Pretermitting whether the holding in *Garza* is otherwise subject to retroactive application in a collateral appeal,[7] applying the *Garza* test in this case would not result in the reversal of Shelton's

---

[6] Subsequent to *Garza*, the legislature amended the kidnapping statute as to crimes committed on or after July 1, 2009. See Ga. L. 2009, p. 331, § 1; *Leverette v. State*, 303 Ga. App. 849, 850 (1), n. 4 (696 SE2d 62) (2010). Because Shelton's crimes occurred prior to July 1, 2009, the amendment is inapplicable here.

[7] We note that in *Hammond v. State*, 289 Ga. 142 (710 SE2d 124) (2010), the Supreme Court of Georgia granted a writ of certiorari to determine whether the holding of *Garza* applies retroactively. The Supreme Court of Georgia has previously held that a new rule will be applied retroactively in cases on collateral review if it is a ruling of substantive criminal law. See *Luke v. Battle*, 275 Ga. 370, 373-374 (2) (565 SE2d 816) (2002) (concluding that a change in the requirement to prove the element of force for aggravated sodomy against a victim under the age of consent was a ruling of substantive criminal law, which had to be applied retroactively on collateral review); *Scott v. Hernandez-Cuevas*, 260 Ga. 466, 466-467 (396 SE2d 900) (1990) (retroactively applying a change in the substantive law as to the element of possession for the trafficking in cocaine offense). Alternatively, a new rule of criminal procedure will be applied retroactively on collateral review if it falls within one of two exceptions: (1) it places certain kinds of conduct beyond the power of the criminal law-making authority to proscribe, or (2) it

conviction. Under the *Garza* test, Shelton's movement of the victim was sufficient to satisfy the asportation element for the kidnapping offense. The factual basis for the plea reflected that although the movement of the victim from the front of the laundromat facility to the bathroom in the back of the facility was of minimal duration, it did not constitute an inherent part of the aggravated sexual assault; rather, the movement created additional dangers to the victim by isolating her from protection or rescue. See *In the Interest of D. S.*, 302 Ga. App. 873, 874-875 (1) (691 SE2d 897) (2010); *Abernathy*, supra, 299 Ga. App. at 899-901 (1); *Flores v. State*, 298 Ga. App. 574, 575-577 (1) (680 SE2d 609) (2009). Accordingly, the movement in question was in the nature of the evil that the kidnapping statute was intended to address, and Shelton's guilty plea and conviction of the offense was not void. See id.[8]

*Judgment affirmed. Phipps, P. J., and McFadden, J., concur.*

DECIDED JANUARY 24, 2011.

Lorenzo Shelton, *pro se*.
Kermit N. McManus, *District Attorney*, Forest L. Miles, *Assistant District Attorney*, for appellee.

---

affects the accuracy of the factfinding process and implicates the fundamental fairness of the trial. See *Teague v. Lane*, 489 U. S. 288, 311-314 (V) (109 SC 1060, 103 LE2d 334) (1989); *Alford v. State*, 287 Ga. 105, 107-108 (695 SE2d 1) (2010).

[8] To date, the State has failed to file a brief in this appeal. On November 22, 2010, the State filed a motion for an extension of time to file its brief. On December 7, 2010, Shelton filed a motion to strike the appellee's brief in light of the State's failure to file timely. Both motions are denied as moot.