# Court of Appeals
# of the State of Georgia

ATLANTA,    May 02, 2012

*The Court of Appeals hereby passes the following order:*

**A12A1666.  DANIEL MATTHEW SHEPHERD v. THE STATE.**

In 1993, a jury found Daniel Matthew Shepherd guilty of child molestation, and he was sentenced to incarceration.  Approximately eighteen years later, Shepherd filed a "Motion to Void a Judgment/Sentence," asserting that his conviction and sentence must be set aside because his indictment was fatally flawed.  The trial court denied the motion, and Shepherd filed this direct appeal.

To the extent Shepherd argues that his judgment of conviction is void, we cannot consider his claim.  A motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case."  *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010).  Because Shepherd is not authorized to collaterally attack his conviction in this manner, his appeal of the issue must be dismissed.  See id.; see also *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009) (overruling *Chester v. State*, 284 Ga. 162, 162- 163 (2) (664 SE2d 220) (2008)); *Matherlee v. State*, 303 Ga. App. 765 (694 SE2d 665) (2010).

Moreover, a direct appeal lies from an order denying or dismissing a motion to correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only when the trial court imposes punishment that the law does not allow. See *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002).  A challenge to the validity of an indictment does not raise a valid void sentence claim and cannot support a direct appeal. See *Shelton v. State*, 307 Ga. App. 599, 603 (3)

(b) (705 SE2d 699) (2011); *Reynolds v. State*, 272 Ga. App. 91 (611 SE2d 750) (2005).

Regardless of whether we construe Shepherd's motion as a challenge to his conviction or to his sentence, we lack jurisdiction to review his claims. Accordingly, his appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,* 05/02/2012
      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ *, Clerk.*