# Court of Appeals
# of the State of Georgia

ATLANTA,   May 22, 2012   

*The Court of Appeals hereby passes the following order:*

**A12A1810.  JOSEPH QUENGA v. THE STATE.**

In 2002, Joseph Quenga was convicted of rape, sexual battery, false imprisonment, and two counts of kidnapping, and his conviction was affirmed on appeal.  See *Quenga v. State*, 270 Ga. App. 141 (605 SE2d 860) (2004).  In 2010, Quenga filed a "motion to correct an illegal and void judgment/sentence."  The trial court denied the motion, and Quenga filed this appeal.

As the Supreme Court has made clear, a post-conviction motion to vacate an allegedly void criminal conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from the trial court's ruling on such a petition should be dismissed.  See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010).  A direct appeal may lie from an order denying or dismissing a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only when the trial court imposes punishment that the law does not allow. See *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002).

Quenga does not contend that his sentence exceeds the legal limits.  Instead, he challenges the validity of his indictment, which does not constitute a colorable void sentence claim.  See *Shelton v. State*, 307 Ga. App. 599, 603 (3) (b) (705 SE2d 699) (2011).  Accordingly, we lack jurisdiction to consider Quenga's appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 05/22/2012
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*