# Court of Appeals
# of the State of Georgia

ATLANTA,    June 10, 2014

*The Court of Appeals hereby passes the following order:*

**A14A1730. SEAN PRATHER v. THE STATE.**

In 2001, Sean Prather was convicted of voluntary manslaughter, possession of a weapon during the commission of a crime, and possession of a sawed-off shotgun. We affirmed all but his conviction for possession of a firearm during the commission of a crime. *Prather v. State*, 259 Ga. App. 441 (576 SE2d 904) (2003). In 2013, Prather filed a pro se motion to modify or vacate a void sentence, arguing that his indictment was defective, his trial counsel was ineffective, and he was forced to wear a shock belt during his trial. The trial court denied the motion, and Prather filed this appeal.

While a direct appeal may lie from an order denying or dismissing a motion to correct a void sentence, this is true only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper*, supra at n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only when the trial court imposes punishment that the law does not allow. *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002). Here, Prather's arguments challenge the procedure employed at trial and the validity of his convictions. They therefore are not proper grounds for a motion to vacate his sentence. See *Grogan v. State*, 297 Ga. App. 251, 253 (676 SE2d 764) (2009); *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). Likewise, a challenge alleging ineffective assistance of counsel does not assert a ground upon which a sentence can be declared void. See *Brown v. State*, 297 Ga. App. 738 (678 SE2d 172) (2009). Because Prather does not argue that his sentence exceeds the statutory maximum for his offenses, he has not raised a colorable void sentence argument. Accordingly, Prather's appeal is hereby

DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* 06/10/2014

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen* , *Clerk.*