**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**September 4, 2014**

# In the Court of Appeals of Georgia

A14A0837. MARTIN v. THE STATE.

MILLER, Judge.

Marvlyn Martin, who pled guilty to first degree homicide by vehicle (OCGA § 40-6-391 (a)) and possession of an open container (OCGA § 40-6-253 (b) (1) (B)), appeals pro se from the trial court's order denying his motion for out-of-time appeal. Martin contends that his plea was invalid because the indictment was defective and that his trial counsel was ineffective for failing to challenge the defective indictment and for failing to inform him of his right to withdraw his guilty plea. For the reasons that follow, we affirm.

We review a trial court's denial of a motion for out-of-time direct appeal for an abuse of discretion. *Belcher v. State*, 304 Ga. App. 645, 646 (1) (697 SE2d 300) (2010).

The record shows that Martin was indicted for homicide by vehicle for causing the victim's death while driving under the influence of alcohol, driving under the influence (DUI per se and DUI less safe), and other offenses, including possession of an open container. The indictment specifically alleged that Martin committed the offenses in Clayton County. On July 9, 2012, Martin entered a non-negotiated plea to homicide by vehicle and possession of an open container. Martin was sentenced to 15 years with 10 to serve on the homicide conviction, and his fine for the open container violation was suspended.

Thereafter, on July 26, 2012, Martin filed a pro se motion to withdraw his guilty plea, arguing that he should have been sentenced as a First Offender. Following a hearing, the trial court denied Martin's request for First Offender treatment and denied his motion to withdraw his guilty plea. On August 28, 2012, Martin filed another motion to withdraw his guilty plea, raising the same claims. The trial court denied Martin's second motion on res judicata grounds. The trial court also denied Martin's subsequent motion for sentence reduction.

Martin then filed a motion for out-of-time appeal, arguing that the indictment failed to allege venue in Clayton County and his trial counsel was ineffective for allowing him to enter a guilty plea based on the purported fatal indictment. The trial

2

court denied Martin's motion for an out-of-time appeal, finding that he failed to show that his right to an appeal was frustrated by ineffective assistance of counsel.

On appeal, Martin argues that the indictment was defective for failing to charge venue and trial counsel was ineffective for not challenging the defective indictment and in failing to advise him of his right to withdraw his guilty plea. His claims have no merit.

> A defendant who has pled guilty to a crime may obtain an out-of-time appeal only if the issues he seeks to raise can be resolved by facts appearing on the record and if his failure to seek a timely appeal was the result of ineffective assistance of counsel. Where the record shows that the attacks on the guilty plea that a defendant seeks to raise in an out-of-time appeal are without merit, trial counsel cannot have been ineffective in failing to pursue such an appeal, and a trial court thus does not err in denying an out-of-time appeal.

(Citation omitted.) *Belcher*, supra, 304 Ga. App. at 646 (1); see also *Olguin v. State*, 296 Ga. App. 208, 209 (674 SE2d 89) (2009) (a defendant does not have an unqualified right to a direct appeal following a guilty plea and the merits of an appeal can be addressed only if the issues sought to be raised can be resolved by the record).

(a) To the extent Martin seeks to appeal his guilty plea on the ground of ineffective assistance of counsel, the only evidence in the record is the transcript of his guilty plea hearing. Although Martin filed two motions to withdraw his guilty

plea, neither of his motions alleged ineffective assistance of counsel. "A defendant who seeks to appeal a guilty plea on the ground of ineffective assistance of counsel must develop those issues in a post-plea hearing and may not file a direct appeal if the only evidence in the record is the transcript of the guilty plea hearing." (Citation omitted.) *Denova v. State*, 268 Ga. App. 16, 18 (4) (601 SE2d 400) (2004). Consequently, Martin has not established that he was entitled to a direct appeal based on a claim that his trial counsel was ineffective. See *Olguin*, supra, 296 Ga. App. at 209; *Denova*, supra, 268 Ga. App. at 18 (4). Since the term of court in which Martin entered his guilty plea has expired, Martin's remedy to pursue an ineffective assistance of counsel claim is to file a petition for writ of habeas corpus. See *Walden v. State*, 291 Ga. 260, 262 (2) (728 SE2d 186) (2012) (a defendant failing to raise an ineffective assistance claim in a post-plea hearing is not entitled to a direct appeal and is left to raise such a claim in habeas corpus proceedings).

(b) Unlike his ineffective assistance claim, Martin's claim that the indictment was defective can be decided on the record. The record, however, belies Martin's claim that the indictment failed to charge venue as to the homicide by vehicle count. The indictment clearly charges that the crimes occurred in Clayton County.

4

Additionally, by pleading guilty, Martin waived the defense that the indictment failed to charge venue. See *Wright v. Hall*, 281 Ga. 318, 319 (1) (638 SE2d 270) (2006).

Since an examination of the record reveals no merit to Martin's claimed errors, the denial of his request for an out-of-time appeal was proper. See *Adams v. State*, 285 Ga. 744 (1) (683 SE2d 586) (2009). Therefore, we affirm the trial court's ruling.

*Judgment affirmed. Doyle, P. J., and Dillard, J., concur.*