# Court of Appeals
# of the State of Georgia

ATLANTA,  December 28, 2015

*The Court of Appeals hereby passes the following order:*

**A16A0380.  KENNETH B. MALONE v. THE STATE.**

Kenneth B. Malone was convicted of several offenses, including aggravated assault, and we affirmed his convictions in an unpublished opinion. *Malone v. State*, Case No. A12A0168 (decided May 31, 2012).  Malone subsequently filed four pro se motions contending, generally, that his sentence is void because his indictment was fatally defective.  The trial court denied Malone's motions, and he filed this appeal.

A direct appeal lies from an order denying or dismissing a motion to correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only when the trial court imposes punishment that the law does not allow. See *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002).

Here, Malone does not contend that his sentence falls outside the statutory range.  Instead, he contends that his sentence is void because his indictment lacked the requisite specificity and failed to charge the essential elements of the offenses.  This is not a valid void-sentence argument.  *See Shelton v. State*, 307 Ga. App. 599, 603 (3) (b) (705 SE2d 699) (2011).  Under these circumstances, we lack jurisdiction to review the trial court's order.  Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* <u>12/28/2015</u>
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*