# Court of Appeals
# of the State of Georgia

ATLANTA,  February 22, 2016

*The Court of Appeals hereby passes the following order:*

## A16A0413. CLYDE J. THOMPSON v. THE STATE.

Clyde J. Thompson was convicted of child molestation and aggravated child molestation, and we affirmed his convictions in an unpublished opinion. *Thompson v. State*, Case No. A97A0737 (decided June 25, 1997). Thompson subsequently filed a Motion Against Void Indictment, alleging, generally, that his convictions and sentences are void because his indictment was fatally defective. The trial court denied Thompson's motion on June 16, 2009, and he filed this timely appeal.[1]

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case[,]" and any appeal from an order denying or dismissing

---

[1] Although Thompson filed his notice of appeal in June 2009, the appeal was not transmitted to this Court until October 2015. According to the Clerk of the Superior Court, the delay in transmittal was the result of Thompson's failure to take the steps necessary to perfect the record. See OCGA § 15-6-80 ("In all cases certified to the appellate courts, the costs for preparing the transcript of the record shall be paid by the appellant to the clerk before the same is transmitted unless the judge presiding over the case being appealed approves an affidavit submitted to the judge by the appellant certifying that the appellant is unable to pay such costs or upon the appellant providing adequate security for such costs."). In light of Thompson's failure to comply with those requirements, the appeal was subject to dismissal by the trial court. See OCGA § 5-6-48 (c) (trial court may dismiss an appeal if there has been an unreasonable delay in the filing of the transcript or transmission of the record, if the delay was inexcusable and was caused by the appellant's failure to pay costs or file an affidavit of indigence). Nevertheless, and despite Thompson's continued failure to take the steps necessary to perfect the record, the trial court has now transmitted the case to this Court.

such a motion must be dismissed. *Harper v. State*, 286 Ga. 216 (686 SE2d 786) (2009); see also *Ball v. State*, 286 Ga. 363 (688 SE2d 354) (2010) (applying *Harper* rule in a case where the notice of appeal was filed before *Harper* was issued). A direct appeal lies from an order denying or dismissing a motion to correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper*, supra at n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only when the trial court imposes punishment that the law does not allow. See *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002).

Here, Thompson does not contend that his sentence falls outside the statutory range. Instead, he contends that his sentence is void because his indictment failed to charge the essential elements of the offenses. This is not a valid void-sentence argument. *See Shelton v. State*, 307 Ga. App. 599, 603 (3) (b) (705 SE2d 699) (2011). Under these circumstances, we lack jurisdiction to review the trial court's order. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* _____02/22/2016_____
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*