### A05A0837. DALTON v. THE STATE.
(615 SE2d 202)

JOHNSON, Presiding Judge.

In July 1996, James Dalton was tried before a jury and convicted of two counts of armed robbery, two counts of aggravated assault, two counts of possession of a firearm during the commission of a felony and one count of possession of a sawed-off shotgun. Dalton directly appealed from the denial of his motion for a new trial, and in February 1999, this court affirmed Dalton's conviction.[1]

More than five years later, on November 1, 2004, Dalton filed in the trial court a pro se "Motion to Vacate Illegal Conviction and

---

[1] *Dalton v. State*, 237 Ga. App. 217 (513 SE2d 745) (1999).

Sentence," claiming that his pre-trial extradition to Georgia from Tennessee had been improper, that the weapons offenses should have merged with the armed robbery and aggravated assault offenses, and that there should not have been a single trial because the crimes arose out of two separate incidents. The trial court denied the motion. Dalton filed this direct appeal from the denial of his motion to vacate.

> A criminal defendant's conviction which has been affirmed on direct appeal may be reviewed again by the filing of an extraordinary motion for new trial or a petition for writ of habeas corpus. With regard to either of those pleadings, appellate review is not gained by filing a direct appeal, but must be sought by means of an application for review.[2]

In the instant case, the 2004 motion filed by Dalton cannot be considered a petition for a writ of habeas corpus because it was filed in the county of Dalton's conviction rather than against the warden in the county where he is incarcerated.[3] To the extent the motion can be considered an extraordinary motion for a new trial, Dalton has failed to file an application for discretionary appeal from the denial of that motion.[4] In effect, Dalton seeks a second direct appeal by means of his motion which contains issues he could have raised in his original direct appeal, and he is not entitled to a second direct appeal from the judgment of conviction.[5] Because Dalton has filed an improper direct appeal, we have no jurisdiction and the appeal must be dismissed.[6]

*Appeal dismissed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED MAY 23, 2005.

James R. Dalton, *pro se.*
*Kermit N. McManus, District Attorney*, for appellee.

---

[2] (Citation and punctuation omitted.) *Collins v. State*, 277 Ga. 586, 587 (591 SE2d 820) (2004).

[3] See *Manry v. State*, 226 Ga. App. 445, 447 (487 SE2d 80) (1997).

[4] See *Collins*, supra; OCGA § 5-6-35 (a) (7).

[5] See *Collins*, supra.

[6] See *Jones v. State*, 278 Ga. 669, 670-671 (604 SE2d 483) (2004).