A09A1168. HAWES v. THE STATE.

(680 SE2d 513)

JOHNSON, Presiding Judge.

James Hawes initially pled guilty to enticing a minor for indecent purposes, statutory rape, and contributing to the delinquency of a minor. Pursuant to a plea agreement, he received a five-year sentence, with special conditions, and a fine. Following a habeas petition, however, Hawes was allowed to revoke his guilty plea and his sentence was vacated. Hawes was then tried before a jury and found guilty of all three counts. He received concurrent sentences of 15 years to serve for enticing a minor for indecent purposes and statutory rape, plus 12 concurrent months for contributing to the delinquency of a minor. Hawes appeals, alleging the trial court improperly enhanced his sentence, improperly considered prior convictions contained in a pre-sentence investigation report as evidence in sentencing, and improperly admitted evidence at the sentencing hearing. We find no error and affirm Hawes' convictions.

1. Hawes first contends the trial court violated his due process rights by enhancing his sentence from five years to fifteen years after he withdrew his guilty plea. While Uniform Superior Court Rule 33.6 (B) states that a

> judge should not impose upon a defendant any sentence in excess of that which would be justified by any of the rehabilitative, protective, deterrent or other purposes of the criminal law merely because the defendant has chosen to require the prosecution to prove the defendant's guilt at trial rather than to enter a plea of guilty or nolo contendere,

there is no merit to Hawes' argument that the trial court in this case imposed the harsher sentence in order to punish him for exercising his right to a jury trial.

There is no absolute constitutional bar to imposing a more severe sentence upon re-sentencing.[1] And this Court has repeatedly held that it is not error for a trial judge to impose a greater sentence upon a defendant after he has heard the evidence at trial than he

---

[1] See *Anthony v. Hopper*, 235 Ga. 336, 337 (1) (219 SE2d 413) (1975); *Blake v. State*, 272 Ga. App. 402, 403 (1) (612 SE2d 589) (2005).

might have imposed in conjunction with a guilty plea.[2] This is true because "in the course of the proof at trial the judge may gather a fuller appreciation of the nature and extent of the crimes charged. The defendant's conduct during trial may give the judge insights into his moral character and suitability for rehabilitation."[3]

Here, Hawes' sentence was within statutory limits and not invalid.[4] In addition, the trial judge specifically stated as follows:

> there has been . . . certain reference by Mr. Walker and your various witnesses that have testified here today about maybe you were a little pushy about filing various notices on appeal and things of that nature. The record needs to reflect I'm not here to punish you for doing those things. You have those rights to do that. And that the Court is not taking [that] into consideration [as] far as your sentence is concerned. You have appellate rights. You had a habeas right. You utilized it. You were successful. Those things are available to you. And there's no Court that can punish you for doing that and you are not causing the Court any trouble by doing that. You have those rights and I recognize that and I'm not here to — to assess a sentence that would punish you for doing those things. You have that right as you have those rights on appeal now from this day forward.

Upon rendering his order, however, the trial judge concluded that an enhanced sentence was warranted because of material differences between the facts presented during the negotiated plea hearing and the trial. Specifically, the trial judge noted that the court did not hear the specific evidence or testimony from the victim or witnesses regarding the nature of the crimes when it accepted the plea.

In sentencing Hawes, the trial judge stated:

> Now we've had an opportunity to hear the evidence in the case when the case was actually tried. It's unfortunate that you allowed yourself to get into this situation. As we all know, the evidence showed that you came to the state of Georgia after you came in contact with this child that was 14 years of age. It appears from the evidence in the case that you not only were here one night, you were here two nights. And then eventually the child ended up back in Carolina

---

[2] See *West v. State*, 241 Ga. App. 877, 878-879 (528 SE2d 287) (2000); *Johnson v. State*, 224 Ga. App. 568, 571 (2) (481 SE2d 268) (1997).

[3] *Alabama v. Smith*, 490 U. S. 794, 801 (109 SC 2201, 104 LE2d 865) (1989).

[4] OCGA §§ 16-6-3; 16-6-5; 16-12-1.

with you and someway or another the child made it back to the state of Georgia on her own. I think the evidence, of course, was very clear that you had been warned by local law enforcement that you need to look at this situation and stay severely away from this child and not have any contact and apparently you ignored that.

Sufficient justification existed to warrant the increase in Hawes' sentence, and there is no evidence that the trial judge acted vindictively in sentencing Hawes following the trial.

2. Hawes contends the trial court erred in enhancing based on information in the pre-sentence report. We find no error.

We first note that Hawes requested the preparation of the pre-sentence report, which contained information about his prior convictions. Moreover, Hawes has failed to show that the trial court actually used his prior convictions to enhance his sentence. In fact, the trial court specifically noted in its order that "[n]ot even taking into consideration the pre-sentence report, there were material differences in the facts presented at the negotiated plea hearing and sentencing hearing" to justify enhancing Hawes' sentence. The trial judge indicated at the sentencing hearing that he was concerned over alleged recent contact between Hawes and the victim and that he took into consideration the evidence that was presented at the time of trial, the various witnesses that testified at the sentencing hearing, and the incident that occurred, and he imposed a sentence intended to deter Hawes from this type of activity in the future.

Moreover, in its order denying Hawes' motion for new trial, the trial court specifically noted that it "did not consider the allegations of the State, nor did it consider prior convictions."

Because the law presumes that a trial judge during sentencing sifts the wheat from the chaff, ignoring illegal evidence and considering only legal evidence, we presume that the trial judge ignored the [prior convictions] here, particularly where he expressly indicated that he was not considering the same.[5]

This enumeration of error lacks merit.

3. Hawes contends the trial court erred in considering inadmissible hearsay statements by the state during the sentencing hearing concerning postings on the internet by Hawes. However, Hawes fails to specify on appeal the exact statements made by the state, and he

---

[5] (Citations, punctuation and footnotes omitted.) *Williams v. State*, 293 Ga. App. 193, 196 (2) (a) (666 SE2d 703) (2008).

failed to object during sentencing to any alleged hearsay statements made by the state. Hawes waived his right to raise this issue on appeal by failing to object at the hearing.[6] In addition, even if the state did make hearsay statements that were improper, the trial court clearly stated that it did not consider allegations by the state or inappropriate evidence in rendering its sentence. We find no error.[7]

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED JUNE 18, 2009 ▮

*Christopher R. Reeves*, for appellant.

*Richard A. Mallard, District Attorney, Keith A. McIntyre, Assistant District Attorney*, for appellee.

---

[6] See *Rhode v. State*, 274 Ga. 377, 382-383 (12) (552 SE2d 855) (2001).

[7] See *Williams*, supra.