[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13359
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cv-00001-BAE-JEG

JAMES HAWES,

Petitioner-Appellant,

versus

GRADY PERRY,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(November 24, 2015)

Before MARTIN, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

James Hawes, a Georgia prisoner, appeals the denial of his federal habeas corpus petition filed under 28 U.S.C. § 2254. Hawes is serving the remainder of a 15-year sentence on parole after being convicted by a jury in 2007 of enticing a child for indecent purposes, statutory rape, and contributing to the delinquency of a minor. After careful consideration of the parties' briefs, we reverse in part the district court and grant Hawes a writ of habeas corpus on two of the three counts of his convictions.

BACKGROUND

At the age of 33, Hawes met the 14-year-old victim (K.P.) on an online dating site, where K.P. was posing as a 19-year-old college student. The two communicated via email and phone, and are alleged to have met in person on two different weekends: the first in November 2002, and the second in December 2002. These two weekends, and the conversations leading up to them, formed the basis of Hawes's convictions.

I.    Weekend Encounters

In November 2002, Hawes made arrangements to travel from his home in South Carolina to Georgia to visit K.P. for a weekend. At trial, Hawes testified both that he did not realize K.P. was a minor when he picked her up and that he did not have sexual intercourse with her. He admitted that they checked into a hotel together, but said that after checking in he fell asleep and K.P. left with her friends.

2

According to K.P., however, Hawes gave her alcohol, they had sexual intercourse, and the two spent the weekend together. When Hawes returned K.P. to her home on Sunday, her parents took her to law enforcement to report the incident. This November 2002 weekend formed the basis of Hawes's statutory rape conviction (count two).

K.P. claims that she stayed with Hawes in South Carolina during a second weekend in December 2002. She said Hawes picked her up and drove her to South Carolina, where they had sexual intercourse again. At some point, K.P. said she confessed that she was actually 14 years old, after which she said Hawes took her to a bus station and gave her money to pay for return fare to Georgia. This second weekend formed the basis of Hawes's convictions for contributing to the delinquency of a minor and enticing a child for indecent purposes (counts one and three).

## II.    State Court Trial Proceedings

Hawes initially pleaded guilty to all three counts and received a 5-year sentence, with 60–90 days to be served in custody. After he served the custodial portion of his sentence, Hawes filed a state habeas petition asserting that his plea was involuntary. The Georgia Supreme Court granted the petition and vacated Hawes's plea.

Hawes then went to trial.  At trial, the State called K.P. and two law enforcement officers as witnesses, and Hawes testified in his own defense.  Hawes denied that the December encounter ever took place and testified that he had been in West Virginia at the time of the alleged incident.  In his § 2254 petition, Hawes focuses on an email K.P. sent shortly after the alleged second encounter, which supports his claim that it never occurred.  The email, dated January 2, 2003, was sent from K.P.'s known email account to Hawes's account, and read:

> Dear James,
> I dunno if I did the right thing by lying to you and the police but, I felt like I was in trouble.  I took off my bracelet to leave the house and got in trouble for it.  ☹ After we got off the phone I came to South Carolina to see if I could find you but I could not find your house and all I got was your voice mail.  I didn't leave a message because I was afraid you would think I was stalking you or you would be mad at me for what I told the police.  I hope I haven't gotten you in to[o] much trouble ☹   [K.P.][1]

Outside the presence of the jury, K.P. admitted to writing the email and offered an explanation for the second to the last line regarding what she told the police and regarding Hawes being mad.  Trial counsel was initially permitted to question K.P. about the January 2 email, but after she denied writing the email in front of the jury, the court granted the State's objection to further questioning on authentication grounds.  Trial counsel did not offer a foundation for the email, such as testimony from the internet service provider (as suggested by the State at trial).  Hawes later

---

[1] K.P.'s first name was typed after the text of the email.

4

testified that he received the email from the victim, and offered a general explanation of what it said.

### III.    Verdict and Post-Conviction Proceedings

The jury found Hawes guilty, and the court imposed a 15-year sentence on counts one and two, and 12 months on count three, to be served concurrently—dramatically longer than his original sentence.  Hawes was represented by new counsel on direct appeal.  Hawes raised three sentencing-related claims on appeal but did not challenge trial counsel's performance or any evidentiary rulings made by the trial court.  The Georgia Court of Appeals affirmed Hawes's conviction and sentence, and the Georgia Supreme Court denied certiorari.  Hawes v. State, 680 S.E.2d 513 (Ga. Ct. App. 2009), cert. denied (Ga. Jan. 12, 2010).

Hawes then filed a state habeas petition.  He brought a number of claims, including the following, which are relevant to this appeal: (1) ineffective assistance of trial counsel based on failure to lay a foundation for the admission of the January 2 email; (2) trial court error when the court would not permit Hawes to question K.P., in violation of the Sixth Amendment, about an online journal entry in which she made false allegations against two teachers; and (5) ineffective assistance of appellate counsel for failure to raise on direct appeal the various claims of ineffective assistance of trial counsel and trial court error.

5

The state habeas court held an evidentiary hearing, at which Hawes and his appellate counsel testified. Strikingly, appellate counsel testified that he did not think he could bring an ineffective-assistance-of-trial-counsel claim because trial counsel had assisted him with the appeal.

The state habeas court denied Hawes's petition. The court concluded that although Hawes's appellate counsel was deficient for thinking he could not bring ineffective-assistance-of-trial-counsel claims, Hawes was not eligible for relief because he could not show counsel's mistake prejudiced him. The court reasoned that the jury had already seen sufficient evidence that the victim had lied on many occasions, and therefore the evidence was cumulative. The court also concluded that appellate counsel was not deficient for failing to appeal the trial court's exclusion of an online journal entry written by K.P., because no Georgia precedent established the admissibility of a victim's false allegations of sexual misconduct made after the charged incident. The Georgia Supreme Court denied Hawes's application for a Certificate of Probable Cause to appeal.

Hawes filed a pro se § 2254 federal habeas petition. The district court denied Hawes's petition, concluding that the state habeas court's decision on

6

Hawes's claims of ineffective assistance of appellate counsel was not an unreasonable application of federal law.  Hawes timely appealed.[2]

## DISCUSSION

When evaluating the district court's denial of a habeas petition, we review de novo questions of law and mixed questions of law and fact, and we review factual findings for clear error.  Nyland v. Moore, 216 F.3d 1264, 1266 (11th Cir. 2000) (per curiam).  The Antiterrorism and Effective Death Penalty Act of 1996 "establishes a highly deferential standard for reviewing state court judgments." Robinson v. Moore, 300 F.3d 1320, 1342 (11th Cir. 2002).  We cannot grant habeas relief on claims that were previously adjudicated on the merits in state court unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The "clearly established federal law" relevant here is Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984).  To prove ineffective

---

[2] On appeal, Hawes also makes a number of claims related to trial court error and ineffective assistance of trial counsel, which the state habeas court held were procedurally defaulted.  For the reasons below, we do not reach those claims.

assistance of counsel, a petitioner must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. Under § 2254(d), "[t]he question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." Knowles v. Mirzayance, 556 U.S. 111, 123, 129 S. Ct. 1411, 1420 (2009) (quotation marks omitted).

To establish deficient performance, a petitioner must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment. See Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. The proper measure of attorney performance is reasonableness under prevailing professional norms. Id. at 688, 104 S. Ct. at 2065. To prove prejudice, the petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. An ineffective-assistance-of-appellate-counsel claim that challenges the failure to bring a claim can be successful only if there is a reasonable probability that the omitted issue would have affected the outcome. Cross v. United States, 893 F.2d 1287, 1290 (11th Cir. 1990). Thus, although Hawes claims that his appellate counsel was ineffective, the analysis

8

collapses to whether the underlying issue (here, ineffective assistance of trial counsel) is meritorious.  Id.

## COUNTS ONE AND THREE
Enticing a Child for Indecent Purposes and Contributing
to the Delinquency of a Minor (December 2, 2002 Weekend Encounter)

The district court erred by deferring to the state habeas court's decision on Hawes's ineffective-assistance-of-appellate-counsel claim.  The state habeas court unreasonably applied Strickland when it held that Hawes was not prejudiced by appellate counsel's failure to claim ineffective assistance of trial counsel for not properly authenticating the January 2 email at trial.

The state habeas court correctly concluded that, under Georgia law, appellate counsel was permitted to raise ineffective-assistance-of-trial-counsel claims when trial counsel was still tangentially involved in the appeal.  See White v. Kelso, 401 S.E.2d 733, 734 (Ga. 1991).  No competent attorney would have omitted Hawes's claim about the January 2 email on that basis, and appellate counsel gave no additional tactical reason for electing not to pursue the claim on appeal, nor can we imagine one.  Nobody disputes that appellate counsel was deficient.

However, the state habeas court found that Hawes could not establish prejudice, because there was no reasonable probability of a different outcome on appeal.  The court reasoned that K.P. had been impeached a number of times, so

9

the substantial purpose of the email had already been accomplished.  Hawes has shown that this conclusion was objectively unreasonable with respect to his two convictions arising out of the December 2002 weekend.  Though the state habeas court was correct that K.P. had already admitted to lying about her age, education, dating history, and travel history, the January 2 email was not solely relevant to show her general propensity for lying.  The email served a different purpose: undermining K.P.'s account of the specific events supporting Hawes's convictions and her truthfulness when testifying before the jury.

The evidence supporting the prosecution's case on the December 2002 weekend encounter is skeletal, which made trial counsel's deficient performance all the more prejudicial.  Strickland, 466 U.S. at 696, 104 S. Ct. at 2052 (stating that a "verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support"); see also Gonzalez-Soberal v. United States, 244 F.3d 273, 278 (1st Cir. 2001) (holding that "strength of the government's case" is a factor to be considered in making the prejudice determination).  Hawes disputes that the second weekend visit ever occurred.  And the only evidence admitted at trial that showed otherwise was K.P.'s testimony.  It was a high-stakes, classic "he said, she said" scenario.  The January 2 email directly undercuts the sole evidence suggesting that the South

10

Carolina encounter occurred and is the only evidence to show that K.P was not truthful in her testimony at trial.

Neither is this a case in which the omitted evidence could have bolstered the State's case by negatively impacting Hawes in any way. Cf. Wong v. Belmontes, 558 U.S. 15, 24, 27–28, 130 S. Ct. 383, 388–89, 391 (2009) (denying Strickland claim on prejudice prong because omitted expert testimony would have permitted the State to introduce other, damaging evidence about the petitioner's prior murder); Wright v. Sec'y, Fla. Dep't of Corr., 761 F.3d 1256, 1283–84 (11th Cir. 2014) (concluding that state court's application of Strickland's prejudice analysis was not unreasonable because putting additional witness on the stand would have allowed the state to cross-examine the witness about a negative fact). The State has shown no reason why admission of the email would have done anything but support Hawes's case and undermine the truthfulness of K.P.'s testimony about the second weekend encounter.

The State argues that any prejudice caused by not properly authenticating the email was mitigated by Hawes's testimony. True, Hawes discussed the January 2 email on the stand. But Hawes's testimony only summarized that K.P. had sent him an email that stated: "I don't know if I did the right thing by lying to you and the police. After we got off the phone, I came to South Carolina to see if I could find your house." The full text of the January 2 email offers more information that

was not given to the jury through Hawes's testimony: the fact that K.P. "could not find [Hawes's] house," and that she called but "did not leave a message." This information does more than merely establish that K.P. lied to the police and came to South Carolina on her own, which was the substance of Hawes's testimony. With only Hawes's testimony, the jury could conclude that K.P. ultimately met up with Hawes in South Carolina—a fact supporting his conviction on counts one and three. But, the full email also shows that K.P. never met with Hawes in South Carolina, and it shows that she never told him she was coming or that she had arrived. Taking the full email at face value, the jury could reasonably have believed that Hawes never saw K.P. in South Carolina or knew she went there until weeks later on January 2.

This email was the only evidence that K.P. had lied at trial about the key events giving rise to Hawes's conviction. This email was different in kind from all the other evidence of K.P.'s untruthfulness because it demonstrated that she lied to the jury. All of the other evidence of her dishonesty showed only that she had lied to Hawes and other men. There is a stark contrast between evidence of falsehoods in the world of online dating (all of which K.P. conceded in her testimony at trial) and evidence showing that K.P. (1) completely fabricated the events leading to Hawes's prosecution; and (2) lied about the fabricated events to the police, the State, and the jury while under oath at trial. This is notably important because

12

Hawes's own testimony did not disclose the date of this email, which was critical to his ability to undermine the second weekend he was alleged to have spent with K.P. in December.  Neither did Hawes's own testimony reveal that the January 2 email was from the email account known to be K.P.'s.  This being the case, and if appellate counsel had raised the claim that trial counsel was ineffective for not laying a foundation for this critical evidence, there is a reasonable probability that Hawes's convictions would have been vacated.  Thus, the state habeas court's conclusion that there was no reasonable probability of a different outcome on appeal had appellate counsel raised these issues was an unreasonable application of Strickland.

Given the weakness of the State's case, the strictly exculpatory nature of the excluded evidence, the fact that it is not cumulative, and the strong impact it would have had on K.P.'s credibility with the jury, there is a reasonable probability that Hawes would not have been convicted on counts one and three if the jury had seen the January 2 email making clear that the second encounter never occurred.

**COUNT TWO**
Statutory Rape (November 2002 Weekend Encounter)

Hawes also petitions for a writ of habeas corpus on his conviction for statutory rape, arising out of the November 2002 weekend encounter.  Only two of Hawes's claims plausibly reach the statutory rape conviction: ineffective assistance of appellate counsel for not raising an ineffective-assistance-of-trial-counsel claim

13

due to trial counsel's failure to authenticate the January 2 email (the same claim

addressed above), and appellate counsel's failure to bring an ineffective-assistance

claim involving the admissibility of the online journal entries.[3]  Hawes is ineligible

for habeas relief on either claim.

    I.   Ineffective Assistance of Appellate Counsel: January 2 Email

Though the January 2 email could arguably have impacted Hawes's

statutory rape charge arising out of the November 2002 weekend, the district court

correctly deferred to the state court's prejudice determination on that conviction.

In the January 2 email, K.P. discloses that she lied to the police (presumably when

she gave a statement saying she had sexual intercourse with Hawes during the

November 2002 weekend).  This is not enough to show that Hawes was prejudiced

by appellate counsel's failure to raise the issue.  First, K.P. explained her email

outside the presence of the jury:

> The last paper when it was talking about "if you're not mad about what
> I told the police" is in telling them the truth.  It doesn't say anything
> about me lying, I was worried that he was mad that I had told the
> police the truth about where I went and what I did.

This testimony would undercut the strength of Hawes's argument on appeal that

K.P. lied to the police about having sex with him during the November 2002

weekend.  Also, unlike his claim about the December 2002 weekend, Hawes

---

[3] None of Hawes's remaining claims plausibly reaches the statutory rape conviction, so we do
not analyze them separately.

14

admits that he spent at least part of the November 2002 weekend in a hotel with K.P. Even if the email had been admitted, a jury could still have discredited his testimony about not having sexual intercourse with K.P. Any prejudice caused by the error was likely mitigated by Hawes's testimony, which stated that K.P. said she lied to the police in the January 2 email. There is not a reasonable likelihood that the outcome of the appeal of Hawes's statutory rape conviction would have been different had appellate counsel challenged trial counsel's effectiveness with regard to the January 2 email, and Hawes is not entitled to habeas relief on that basis.

   II. Ineffective Assistance of Appellate Counsel: Online Journal Entry

   Hawes also challenges the effectiveness of appellate counsel for failing to appeal the trial court's exclusion of K.P.'s online journal. Hawes's trial strategy was to question K.P.'s credibility by presenting evidence that she was a liar. Trial counsel tried to admit an entry from K.P.'s online journal, in which she made false allegations of sexual advances made by two teachers at her school. The court did not allow trial counsel to admit or question K.P. about the journal entries.

   Hawes is not entitled to habeas relief on his statutory rape conviction on the basis of the trial court's exclusion of the online journal entry. The state habeas court determined that Hawes could not establish either prong of Strickland in claiming that appellate counsel was ineffective for failing to challenge the trial

15

court's exclusion.  Hawes has not shown that this decision was an unreasonable application of federal law.  The state habeas court reasoned that a Georgia case, which held that a victim's <u>prior</u> false accusations of sexual misconduct were admissible evidence, did not establish that <u>subsequent</u> false allegations of sexual misconduct were also admissible.  Hawes cites no Georgia precedent to the contrary, so his appellate counsel was not deficient for electing not to challenge the ruling.

## CONCLUSION

Because Hawes was prejudiced by appellate counsel's failure to raise an ineffective-assistance-of-trial-counsel claim pertaining to the January 2 email, we reverse the district court's Order denying habeas relief on counts one and three. We grant Hawes a writ of habeas corpus and vacate his convictions on those counts.[4]  We affirm the district court's denial of Hawes's petition on count two.

**REVERSED AND VACATED IN PART, AFFIRMED IN PART.**

---

[4] We vacate the convictions on counts one and three solely on the basis of Hawes's ineffective-assistance-of-appellate-counsel claim relating to the ineffectiveness of trial counsel for failure to lay the foundation for the January 2 email.  We express no opinion about the reasonableness of the state habeas court's decision on Hawes's remaining claims regarding counts one and three. <u>See</u> <u>Guzman v. Sec'y, Dep't of Corr.</u>, 663 F.3d 1336, 1339 (11th Cir. 2011).

16