# Court of Appeals
# of the State of Georgia

ATLANTA, February 08, 2017

*The Court of Appeals hereby passes the following order:*

**A16A1868. HAWES v. THE STATE.**

James Hawes appeals pro se from a trial court order denying his motion to vacate, set aside, or correct his sentence. Because Hawes fails to raise a valid claim that his sentence is void, we dismiss this appeal.

In 2004, Hawes pled guilty to enticing a child for indecent purposes, statutory rape, and contributing to the delinquency of a minor. He was sentenced to five years, with 60 to 90 days' detention and the balance probated. Later that same year, he filed a State habeas corpus petition contending that his plea was involuntary, and on appeal, the Supreme Court of Georgia reversed the trial court's denial of his petition. *Hawes v. State*, 281 Ga. 822, 825 (642 SE2d 92) (2007) ("*Hawes I*"), overruled by *Lejeune v. McLaughlin*, 296 Ga. 291, 297, 299 (2) (766 SE2d 803) (2014).

Hawes then stood trial before a jury, which convicted him on all counts. He received concurrent 15-year sentences for enticing a child and statutory rape, as well as 12 concurrent months for contributing to the delinquency of a minor. He appealed directly to this Court, arguing, inter alia, that his sentence had been improperly enhanced from the original five years. Finding no vindictiveness and no improper enhancement, we affirmed in *Hawes v. State*, 298 Ga. App. 461, 462-463 (1), (2) (680 SE2d 513) (2009) ("*Hawes II*"). Hawes sought State habeas relief, but the Supreme Court of Georgia denied his application for a certificate of probable cause, and he sought federal habeas relief, which was denied. *Hawes v. Perry*, 2013 WL 3784157, *1-*2 (S. D. Ga. 2013) ("*Hawes III*"). However, in 2015, the Eleventh U. S. Circuit Court of Appeals reversed the United States district court in *Hawes III*, in part, vacating Hawes' convictions for enticing a child and contributing to the delinquency

of a minor based on ineffective assistance of counsel. The Eleventh Circuit affirmed the denial of his habeas petition as to the statutory rape conviction. *Hawes v. Perry*, 633 Fed. Appx. 720, 728 (II) (11th Cir. 2015) ("*Hawes IV*").

Hawes then moved below to vacate his remaining 15-year sentence for statutory rape, arguing that the sentence was improperly "enhanced" based on factors related to the now-vacated enticing a child and contributing to the delinquency of a minor convictions. The trial court denied his motion, and he filed the instant appeal in which he argues that the lower court erred in finding that the enhancement issue was the law of the case because of this Court's earlier opinion in *Hawes II*. When a criminal defendant's conviction has been affirmed on direct appeal, it may again be reviewed "by the filing of an extraordinary motion for new trial or a petition for writ of habeas corpus. With regard to either of those pleadings, appellate review is not gained by filing a direct appeal, but must be sought by means of an application for review." (Footnote omitted.) *Dalton v. State*, 273 Ga. App. 404, 405 (615 SE2d 202) (2005). To the extent the motion can be considered an extraordinary motion for new trial, Hawes has failed to file an application for discretionary review. See id. To the extent that it can be viewed as an appeal from, or a petition for, writ of habeas corpus, that jurisdiction resides in the Supreme Court of Georgia, see *Hester v. State*, 251 Ga. App. 627, 627 (555 SE2d 13) (2001), where Hawes has a pending habeas application.

While a motion to vacate a sentence is not an appropriate remedy after the term in which the judgment was entered, the exception is if the court has imposed punishment which the law does not allow, making the sentence void. *Reed v. State*, 296 Ga. App. 366, 367 (2) (674 SE2d 406) (2009).

Hawes' 15-year sentence for statutory rape was within the statutory range of punishment. The version of OCGA § 16-6-3 (b) applicable to Hawes provides for a term of imprisonment of not less than 10 years nor more than 20 years, if the defendant is 21 years of age or older. Hawes was in his thirties.

Further, in arguing that his sentence was improperly enhanced, Hawes' claim of error focuses on the trial court's determination that the law of the case barred his claim. The trial court recognized that this Court's decision in *Hawes II* preceded the

Eleventh Circuit decision in *Hawes IV*, but it nonetheless determined that we already had found that factors *other* than those implicated by the now-vacated enticing a child and contributing to the delinquency of a minor convictions influenced the sentencing court's decision to sentence Hawes to 15 years. See *Hawes II*, supra at 463 (2).

Although Hawes characterizes his sentence as void, "his claims of error do not present a colorable claim of voidness. [Hawes] therefore is not entitled to a direct appeal from the trial court's denial of his motion, and we must dismiss." (Citations omitted.) *Coleman v. State*, 305 Ga. App. 680, 681 (700 SE2d 668) (2010).

*Appeal dismissed*.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta, __02/08/2017_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____, *Clerk*.